## Cain Unemployment Compensation Case.

584

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*I. Sidney Sherwin,* with him *Morris J. Winokur,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Richard H. Wagner,* Associate Counsel and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY RHODES, P. J., November 15, 1950:

The issue in this unemployment compensation case is whether claimant had good cause for leaving her employment. Section 402 (b) of the Unemployment Compensation Law of December 5, 1936, P.L. (1937) 2897, §402, as amended by the Act of June 30, 1947, P.L. 1186, §2, 43 PS §802 (b). (This part of section 402 was not amended by the Act of May 23, 1949, P.L.

1738, §11.) The bureau, the referee, and the Unemployment Compensation Board of Review denied benefits to claimant, and she has appealed.

The record upon petition was remanded to the Board for further study and consideration, the making of findings of fact and conclusions of law, and the entering of such order or orders as might be appropriate; the record was thereupon returned to this Court. In its revised and final decision the Board made eight findings of fact, and affirmed the decision of the referee denying benefits under section 402 (b). The decision of the Board must be affirmed if the findings of fact are consistent with each other, with the Board's conclusions of law and its order, and if there has been no capricious disregard of the competent evidence. *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352. Moreover, the credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn therefrom are for the Board. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380.

The Board found that claimant had been employed as a sewing machine operator by J. G. Brill and Company, Philadelphia, for a period of four years. This employment was terminated about April 2, 1948. Claimant is married and has one child which was about four years old at the time of the first hearing before the Board on February 2, 1949. Her husband was employed during the day and arrived home at seven o'clock in the evening. While employed at Brill's claimant worked on a day shift for two years and placed her child in a nursery during the day. Claimant was referred to Breyer Ice Cream Company, was hired, and reported for work on May 17, 1948. At Breyer's her employment required that she leave home at 3 p.m. and return about midnight. From 3 p.m. until 7 p.m.; between the time she was required to leave home and the time her hus-

band returned from work, claimant had a fourteen-year-old high school girl from the neighborhood to take care of her child. Claimant's home had a telephone which could have been used if required. Claimant reported for work at Breyer's and worked the shift on May 17th but did not return to work the following day or any time thereafter. She called her employer and stated that she was leaving because she did not have anyone to care for her child and because the cold affected her stomach. She made no inquiry as to whether there was any other work in the establishment which might be satisfactory. At the Breyer plant claimant was assigned to work in the manufacture of popsicles. During the first two hours she was seated, during the next four hours she remained in a standing position, and during the final two-hour operation claimant again worked in a sitting position.

The Board further found that the arrangements available for the care of claimant's child and the coordination of her work with her household duties were adequate and did not necessitate leaving her employment at Breyer's; that her work was not unusually difficult or burdensome; that she could have continued in the employment without serious risk of injury to her health, and without any substantial hardship; that her separation was on her own initiative and was due to the fact that she considered the work undesirable and inconvenient as compared with her previous employment; and that she did not act in good faith in leaving her last employment. The Board concluding that there was no necessitous or compelling reason for leaving her employment either because of her domestic situation or on the ground that her health was affected denied benefits.

Claimant contends that it was necessary for her to leave her employment (1) because she was unable to make suitable arrangements for the care of her four-

year-old child during the shift on which she worked; (2) that the work was so physically difficult that her health would have been affected had she remained; and (3) that she would be unable to discharge her marital obligations to her husband had she remained. On these contentions the Board specifically found against claimant.

Claimant's previous employment required her to be away from home all day and to put her child in a nursery. The Board's finding that the arrangements for the care of her child were adequate and did not necessitate leaving her last employment was not arbitrary or capricious and is supported by the testimony and the reasonable and permissible inferences therefrom. The Board could very well conclude that the fourteen-year-old high school girl could properly care for the child for four hours until the husband returned home. The Board disbelieved claimant's testimony to the effect that the work was detrimental to her health. See section 4 (t) of the Act, as amended, 43 PS §753. Claimant's testimony in this respect was not convincing. She testified that lifting containers of popsicles adversely affected her, but the testimony as to such alleged lifting was contradictory. The Board may believe or disbelieve the testimony of a witness in whole or in part. Under the circumstances, these were questions of fact for the Board. Cf. *Mooney Unemployment Compensation Case,* 162 Pa. Superior Ct. 183, 56 A. 2d 386.

The Board was not obliged to find that absence from home from three o'clock in the afternoon until twelve o'clock midnight interfered with her marital obligations to such an extent that it was necessary for her to quit her employment. Before accepting the employment at Breyer's she knew the type of work and the hours; at the time of acceptance of the employment the type of work and the hours were apparently satisfactory. Moreover, as to good faith, her actions and

attitude indicate that she might have accepted the job at Breyer's primarily to qualify for benefits. From April 2, 1948, when she was laid off at Brill's, until February 2, 1949, the date of the first hearing before the Board, claimant made no independent effort to find other work. In any event, there was no such compulsion which required her to leave her employment. It would have been reasonable for her to have given the referred employment a more extended trial than one day. Her previous employment at Brill's, which was satisfactory, involved little less inconvenience. The hasty termination of her employment at Breyer's for the reasons given necessarily reflects upon the good faith of her action. *Suska Unemployment Compensation Case*, 166 Pa. Superior Ct. 293, 296, 70 A. 2d 397.

Decision is affirmed.