Bonnie S. Fettrow, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 10, 1979, before Judges Blatt, DiSalle and MacPhail, sitting as a panel of three.

*Joanne C. Betlem,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 7, 1979:

Bonnie Fettrow (petitioner) appeals from a Department of Public Welfare (DPW) adjudication which denied her assistance benefits.

The petitioner applied for benefits under the Aid to Families with Dependent Children (AFDC) program. At the time of her intial application, she was expecting a final paycheck from prior employment and for that reason her application was denied. She reapplied two weeks later and her application was then rejected because she had not established that her husband, the father of her child, was continuously absent from the household as required by the applicable regulations. She appealed this second denial of benefits, had a fair hearing before a hearing examiner, and benefits were then authorized retroactive to the date of her second application. This order, however, was reversed by the Executive Director of the Department of Public Welfare Hearing and Appeals Unit, who concluded that the petitioner had failed to meet the eligibility requirements concerning the substantiation of her husband's absence from the home. Her request for reconsideration was denied and a final order denying benefits was issued. This appeal followed.

The petitioner argues that the DPW's final order was not in accordance with state and federal regulations concerning the AFDC program, under which the state receives financial reimbursement from the federal government for assistance extended to children who are *both* needy and deprived of support from at least one parent because of the *continued absence* or disability of that parent. The pertinent DPW regu-

lation[1] provides that proof must be furnished that the parent is absent from the home, and the applicable federal regulation[2] additionally requires a showing of *continued* absence.

The petitioner argues that her child was needy and that she should therefore have received benefits for the child. It is uncontroverted, however, that the petitioner also told her caseworker when she filed her application that her husband had been back and forth between her house and his parents' house and had spent some nights with her. And, when the caseworker attempted to check this information, the husband informed the caseworker that he was "sort of separated" from his wife. The petitioner's own statements, therefore, indicated that her husband was not in fact continuously absent from the home, and this information was corroborated by her husband. Because her eligibility for benefits was dependent upon her showing his *continued* absence, we believe that the DPW acted in accordance with the law in denying benefits.

The petitioner further argues, however, that the Executive Director of the Hearing and Appeals Unit exceeded his authority when he reversed the decision of the hearing examiner. It was held in *Marsden v. Beal,* No. 75-714 (E.D. Pa. Dec. 1975) that the review of a hearing examiner's decision by the Hearing and Appeals Unit is limited to determining whether or not the decision is in accord with the law and the duly promulgated agency regulations. We believe, therefore, that the action of the Hearing and Appeals Unit in the instant case was consistent with this limitation, for, although the hearing examiner had found that the petitioner's husband lived with the petitioner, never-

---

[1] 55 Pa. Code §153.44
[2] 45 C.F.R. §233.90

theless benefits were granted. This was clearly an error of law because continuous absence was not shown, and it was within the authority of the Director of the Hearing and Appeals Unit to reverse the hearing examiner's decision.

The petitioner finally argues that the DPW's decision is not supported by substantial evidence. We disagree. The petitioner's own statements regarding her husband's living arrangements plus his confirmation provided substantial evidence that he was not continuously absent from the home.

The order of the DPW is affirmed.

ORDER

AND Now, this 7th day of November, 1979, the final order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.