Christine Burks, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 13, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Susan Wood,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., December 12, 1979:

Petitioner (claimant) appeals from an order of the Department of Public Welfare (Department) which discontinued Aid to Families with Dependent Children for her and her children due to claimant's failure to prove that her husband was absent from the household. His income was therefore considered available to her under 55 Pa. Code §183.44(a), (b).

Claimant had applied for assistance on July 1, 1976, alleging that her husband had left the household on June 14, 1976. Assistance was authorized, and the grant remained unchanged until May 19, 1978, when the Executive Director of the Department's Hearing and Appeals Unit (Executive Director) ordered the grant's termination. His decision was based upon results of an investigation begun after an anonymous complaint in February 1978, which informed the County Assistance Office (Office) that the claimant's husband lived in the household. The Office's investigation revealed inconsistencies with the information previously obtained from the claimant. Specifically, the Office discovered that the husband had listed his address with his most recent employer as the household, had been receiving unemployment compensation checks at that address for several months, and had never

changed the address on his car registration or driver's license. Additionally, the lease to the house in which claimant lived was in both names, claimant and her husband had co-signed loans at two finance companies since the alleged separation, and the husband had received mail from the Domestic Relations Office at the household address. The Office then advised the claimant that assistance would be discontinued unless she could provide substantial evidence to refute the inconsistencies which the investigation had revealed. A fair hearing was held, and the hearing examiner concluded that the Office's evidence showed merely that the husband used the household address and not that he lived there. However, the Executive Director reversed, stating that the claimant had offered no documentary evidence to refute the Office's evidence. An appeal was taken to this Court.

Our scope of review of final orders of the Department is limited. We must reverse the final order if it is not in accordance with the law, if it is in violation of the claimant's constitutional rights, or if it is not supported by substantial evidence. *Skehan v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 419, 373 A.2d 1364 (1977). Claimant alleges that all three of these conditions apply here. We shall deal with her arguments seriatim.

First, claimant alleges that the Executive Director's reversal of the hearing examiner violated departmental regulations in 55 Pa. Code §201.1(1).[1] It states as follows:

---

[1] Claimant also alleges violation of 55 Pa. Code §201.4(a), regulations concerning eligibility verification which require the Office to inform the claimant that additional evidence is needed and require the caseworker and client together to establish a plan to verify information when evidence supplied by the client is inadequate. This issue was not addressed at the hearing, and there is a lack of evidence in the record to support her claim.

(1) The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required, to the extent that he is able, to substantiate the information he has provided by documentary evidence or such other means as may serve to establish the truth of his statements.

See also 55 Pa. Code §125.21(a).

Claimant alleges that she tried unsuccessfully to verify her husband's address, that her husband's unemployment checks were delivered to the household but retrieved by him from the mailbox, that she did not change the names on the lease because of fear of eviction, and that she co-signed loans because her husband assured her that he would make the payments. Due to difficulty in obtaining the documentary evidence needed, claimant attempted to provide "other means" of verification of the husband's absence as contemplated by 55 Pa. Code §201.1(1) through the testimony of a close friend. Claimant therefore avers that she fulfilled the requirements of proof.

We disagree. The order of the Executive Director, when considered in light of the entire record, is consistent with departmental regulations and does not constitute an abuse of discretion. He reversed the hearing examiner due to the insufficiency of evidence presented by the claimant when weighed against the Office's presentation of a great deal of documentary evidence. The claimant produced no documentary evidence, and the witness and testimony that were provided were considered insufficient to provide "other means" for substantiation of the claim.

Claimant's second argument, that the Department's order violates due process as guaranteed by the Fourteenth Amendment of the United States Con-

stitution, is based on the premise that the Department has arbitrarily and capriciously disregarded its own regulations. Because the Executive Director's order of reversal was validly based on his discretionary judgment that the claimant had not met the requirements of 55 Pa. Code §201.1(1), no denial of claimant's due process rights occurred. *See Fettrow v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 220, 407 A.2d 487 (1979).

Finally, claimant argues that the Department's final order is not supported by substantial evidence because the evidence used by the Office was hearsay to which claimant had objected and was uncorroborated. We agree that hearsay evidence, properly objected to, is not competent to support a finding in an administrative hearing and that hearsay admitted without objection may support a finding only if corroborated by competent evidence in the record. *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 382 A.2d 1295 (1978). However, there was direct and competent testimony at the hearing upon which the Executive Director could base his order. This is found in the claimant's testimony that she permitted her husband's unemployment checks to arrive at her home and that she had taken out loans jointly with her husband. In addition, testimony concerning the husband's receipt of mail was provided by the Domestic Relations Enforcement Officer, and a computer printout from the Office of Employment Security listing unemployment checks paid to the husband was presented. All of this was relevant evidence which a reasonable mind could accept as adequate to support the conclusion that husband and wife were residing together. Therefore, the decision of the Executive Director is supported by substantial evidence and should be sustained.

Accordingly, we will enter the following

ORDER

AND NOW, December 12, 1979, the order of the Executive Director of the Hearing and Appeals Unit, Department of Public Welfare, in the appeal of Christine Burks, dated May 19, 1978, reversing the hearing examiner and discontinuing benefits, is affirmed.