Josephine Augelli, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 15, 1983, before Judges MAC-PHAIL, DOYLE and BARBIERI, sitting as a panel of three.

*Sylvia H. Hahn,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 8, 1983:

This is an appeal by Josephine Augelli (Petitioner) from an order of the Pennsylvania Department of Public Welfare (DPW) which terminated cash and food stamp assistance to Petitioner and her child. For the reasons which follow, we reverse.

Petitioner was a recipient of cash assistance and food stamps for herself and one child in Lackawanna County. Following receipt of information that Petitioner's husband, Frank Augelli, resided with Petitioner at her address, DPW advised Petitioner of its intention to discontinue cash assistance and food stamps for failure to verify information required to determine eligibility, *i.e.* information regarding the husband's income. 55 Pa. Code §§133.23(a) and 541.3(h)(5). Petitioner appealed[1] and a hearing was held on August 4, 1982. The hearing examiner entered an order sustaining Petitioner's appeal and it was adopted as the order of the Director of the Office of Hearings and Appeals. The Lackawanna County Assistance Office requested reconsideration by the Secretary of Public Welfare. On October 19, 1982, the Secretary granted the request and on November 15, 1982 entered a final order sustaining the appeal and denying assistance. Appeal to this Court followed.

DPW regulations place the burden on applicants and recipients of welfare assistance to verify conditions of eligibility at the time of application and

---

[1] Petitioner's appeal was not filed within the ten day limit for continuation of benefits pending appeal. Her cash assistance benefits were therefore discontinued effective May 11, 1982 and food stamp benefits were discontinued effective June 1, 1982.

periodically thereafter whenever eligibility is redetermined. *See* 55 Pa. Code §§125.21(b), 133.23(a)(2) and 133.23(b). As a general policy, the regulations provide:

> The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required, *to the exent that he is able,* to substantiate the information he has provided by documentary evidence or such other means as may serve to establish the truth of his statements. (Emphasis added.)

55 Pa. Code §201.1(1). Here, Petitioner testified before the hearing examiner that her husband does not reside with her. Petitioner's son corroborated his mother's testimony that his father did not reside with them. Petitioner's daughter testified that, even as a child, she seldom saw her father and that he did not support his family. Petitioner further testified that she did not know the whereabouts of her husband or his current address. Her daughter testified that when asked to give an address, her father would laugh and state that he did not believe in addresses. We are at a loss to conceive what documentation or other means Petitioner might have had available under these peculiar circumstances to substantiate the husband/father's absence from the household.

The hearing examiner found, weighing all the testimony presented, that Petitioner's husband is not residing with her. DPW regulations provide that "no findings of fact made by the Hearing Examiner will be subject to reversal." 55 Pa. Code §275.4 (h)(4)(ii). We have held that the hearing examiner's findings may not be set aside if they are supported by substantial evidence. *Ross v. Department of Public Welfare,* 60 Pa. Commonwealth Ct. 403, 431

A.2d 1135 (1981). The testimony summarized above constitutes substantial evidence for the hearing examiner's finding.

DPW urges, however, that the Secretary did not reverse a finding of fact but rather reversed the hearing examiner as a matter of law because Petitioner failed to meet her burden of proof. We agree that if a finding or conclusion of the hearing examiner is not supported by substantial evidence, the Secretary may, as a matter of law, reverse the hearing examiner's conclusion. Here, however, as noted above, there was substantial evidence to support the hearing examiner. The Secretary found a failure to meet the burden of proof because Petitioner presented no *documentary* evidence that her husband did not reside with her but resided elsewhere. This was in error. First we note that Petitioner was not required to verify *where* her husband resided but only that he was not a member of her household. Second, as discussed above, Petitioner presented such evidence as she was able to verify his absence. DPW policy requires no more. 55 Pa. Code §201.1(1).

The case at bar is distinguishable from *Burks v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979). In *Burks* we upheld the reversal of a hearing examiner's finding that the husband was not a member of the household because the testimony of the petitioner and the petitioner's witness was not substantial when weighed against DPW's "presentation of a great deal of documentary evidence." *Id.* at 9, 408 A.2d at 914. In *Burks,* it had been shown that: 1) the husband had listed the household address as his address with his most recent employer; 2) he had been receiving unemployment compensation checks at the address; 3) he had not changed his address on his license or vehicle registration; 4)

the lease for the household was in both the husband's and wife's names; 5) both had co-signed loans at two finance companies since the alleged separation; and 6) he had received mail from the Domestic Relations Office at the household address. *Id.* at 7-8, 408 A.2d at 913. The evidence relied on in the case at bar to show the husband's residence in the household is: 1) hearsay testimony that when the household was phoned, the daughter stated that her father resided there; 2) a letter from Mr. Augelli *stating that he did not reside* in his wife's household (considered significant by DPW because it did not provide an alternative address); 3) a newspaper announcement of a daughter's engagement which identified her as the daughter of Mr. and Mrs. Frank Augelli of the address in question; 4) a visit to the DPW office by Mr. Augelli during which he denied living with his wife and denied having any residence (considered significant by DPW because he did not look like a bum); 5) a second letter from Mr. Augelli which asserted that his veterans benefits should not be considered in his wife's case (considered significant because it does not raise the residence issue); 6) a newspaper account of the daughter's wedding which also identified her as the daughter of Mr. and Mrs. Frank Augelli of the address in question; and 7) a 1978 driving record listing Mr. Augelli's address as the same as the household address in question. With the exception of this last item the weaknesses of the evidence relied on by DPW are apparent. The newspaper accounts of the daughter's engagement and wedding are hardly reliable under the circumstances. As the now married daughter testified, the newspaper could not have been expected to be concerned about the accuracy of listing her parents at the same address when she could provide them with no current address for her father. The signifi-

cance which DPW places on Mr. Augelli's letters, particularly in light of his repeated assertions that he did not reside with his wife, is dubious at best. We cannot say here, as we did in *Burks,* that Petitioner's testimony, and that of her son and daughter, fail in the face of presentation of a "great deal" of documentary evidence by DPW.

## ORDER

Now, December 8, 1983, the order of the Secretary of Public Welfare in the above referenced matter, dated November 15, 1982, is hereby reversed and the order of the Director of the Office of Hearings and Appeals is reinstated. The matter is remanded for computation of all current and retroactive benefits due. Jurisdiction relinquished.