519 A.2d 1062

Barbara Nelson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs June 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Philip A. Bertocci,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, December 31, 1986:

This is an appeal by Barbara Nelson, petitioner, from an order of the Department of Public Welfare (Department), respondent, denying her Aid to Families with Dependent Children (AFDC) benefits for failure to prove that her children lack the support, care or guidance of one parent or both under 55 Pa. Code §153.44.

Mrs. Nelson was terminated as an AFDC recipient in December of 1984, after the Philadelphia County Assistance Office (CAO) received a complaint that Mr. Vaughn Carter, the father of Mrs. Nelson's three children, was residing with Mrs. Nelson and the chidren at 1002-C Myrtle Place, Philadelphia, Pennsylvania. Mrs. Nelson submitted a reapplication for benefits in January of 1985 which was denied on the basis of the above-mentioned complaint. The Department determined that Mr. Carter's monthly income of between $1,200.00 to $1,530.00 increased the family income beyond the eligible level. A hearing was held on March 27, 1985, after which the hearing officer upheld the decision of the CAO. This appeal followed.[1] In essence, Mrs. Nelson

---

[1] It should be noted here that Mrs. Nelson was denied AFDC benefits on January 29, 1985 by the CAO. This decision was upheld by the Director of the Office of Hearings and Appeals in a final administrative order dated May 7, 1985. Mrs. Nelson filed a request for reconsideration on May 20, 1985. The Department denied her request in a letter dated June 25, 1985. Mrs. Nelson appealed to this Court on July 25, 1985. In *Ormes v. Department of Public Welfare,* 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986), we invalidated DPW regulations which provided for a thirty

contends that the hearing officer capriciously disregarded competent evidence when he disregarded the eight documents produced by Mrs. Nelson as verification that Mr. Carter was not residing with her.[2] In addition, Mrs.

day time to appeal *after the Secretary responds to the request for reconsideration*. We ruled that this regulation was inconsistent with Pa. R. A. P. 1701(b)(3). Appeals to this Court must be filed within thirty days from the final administrative order. Thus, Mrs. Nelson incorrectly appealed from the June 25, 1985 order denying reconsideration. However, because this appeal was filed before July 10, 1986, the date of the *Ormes* decision, in reliance upon DPW regulations not yet declared invalid, we, as we did in *Ormes,* apply the invalidation ruling prospectively and in the interest of fairness address the merits of Mrs. Nelson's claim. *See Ormes,* 98 Pa. Commonwealth Ct. at 591 n.5, 512 A.2d at 89 n.5.

[2] Mrs. Nelson, in her brief, lists these documents:

(1) A Philadelphia Court of Common Pleas Order, dated January 2, 1985, ordering 'Vaughn Carter, 1627 N. Franklin Street, Phila., Pa. 19122' to appear on January 17, 1985 at a conference in a support action brought against him by Barbara Nelson entitled Barbara Nelson v. Vaughn Carter, Court of Common Pleas, Family Division No. 84-04754.

(2) A Court of Common Pleas of Philadelphia—Family Court Division Memo stating that Nelson attended the conference on January 17, 1985 in the support action and had attended a prior hearing on August 30, 1984 in this same support action.

(3) A PA-78 Request for Employment Information dated December 17, 1984 and stamped 'SECOND REQUEST.'

(4) A letter dated January 16, 1985 from Richard Allen Homes, Philadelphia Housing Authority addressed only to Barbara Nelson informing her that her rent was in arrears in the amount of $171.50.

(5) Court of Common Pleas documents for Vaughn Carter's support Case # 84-04754 stating that there was a Court Order against Carter for support of three (3) children in the amount of $120.00 bi-weekly plus $5.00 bi-weekly for money owed DPW from May 1, 1984.

(6) Copies of Vaughn Carter's W-2 Forms for 1984, listing his address as '615 N. 7th St., Phila. PA 19123.'

Nelson argues that the hearing officer committed an error of law by misinterpreting 55 Pa. Code §153.44(a)(4) to mean that Mrs. Nelson was required to prove Mr. Carter's actual address to illustrate his absence.[3] We affirm.

55 Pa. Code §153.44(a)(5) states that "if it is verified that a parent is absent. . . . , the absence will be considered to interfere with the child receiving support care or guidance from the parent." If a child is deprived of the support of one or both parents, the family is eligible for AFDC benefits under 55 Pa. Code §153.41. The CAO testified that Mrs. Nelson failed to provide verification that Mr. Carter was absent. The CAO considered other documents which it had relied on to show that Mr. Carter was not absent. The hearing officer, after reviewing the documents presented by Mr. Carter and Mrs. Nelson, drew the same conclusion as the CAO—that the documentation was not credible, and that Mrs. Nelson had failed to provide the requisite verification.[4] We note that our proper scope of review in cases

_____

(7) A Memorandum on City of Philadelphia stationery, dated February 19, 1985, stating that Vaughn Carter has resided at '615 N. 7th St., Phila., Pa. 19123' since he has been employed by the Department of Streets.
(8) Bank Statements of Vaughn Carter and Medical Documents for 1981 and 1982 listing Carter's address as 836 Hutchinson Place, Apt. 'C,' Philadelphia, PA 19123.
[3] 55 Pa. Code §153.44(a)(4) reads:
    There must be proof that a parent is absent from the home and there must be evidence that the absence of the parent deprives the child of, or interrupts the child's receiving support, care, or guidance.
[4] 55 Pa. Code §153.44(a)(6) reads:
    Proof of the circumstances in the subparagraphs of this paragraph consists of the statement of the applicant or recipient supported by other *valid evidence*. Examples of acceptable evidence are divorce decrees; court orders; offi-

of this type has been defined in a recent Pennsylvania Supreme Court case. In *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), the Supreme Court abolished the use of the standard for appellate review by which an administrative tribunal's decision was reviewed under the criteria of whether there was a capricious disregard of competent evidence. In view of this decision, our scope of review both when the party with the burden of proof prevails and when that party does not prevail, restricts us to ascertaining only whether the administrative tribunal committed an error of law, violated a party's constitutional rights and whether necessary findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. In this case, the hearing officer was suspect of representations made by Mr. Carter to his employer, the court and other officials. His decision to disregard this evidence is a credibility determination outside the scope of appellate review as defined by the Administrative Agency Law. The hearing officer must decide whether to believe the evidence based upon his assessment of the totality of the presentation. *See Cain v. Unemployment Compensation Board of Review,* 167 Pa. Superior Ct. 583, 76 A.2d 223 (1950). For that reason, we will not interfere with his refusal to accept this evidence as proof that Mr. Carter did not reside with Mrs. Nelson at the time of her application.

Mrs. Nelson maintains that *Augelli v. Department of Public Welfare,* 79 Pa. Commonwealth Ct. 34, 468 A.2d

---

cial court statements; and official letters from the penal institution or other institution, hospital, or the like. Acceptable evidence of marital separation consists of documentation that husband and wife live at different addresses due to marital discord. (Emphasis added.)

524 (1983), is controlling. In *Augelli* the Secretary of Public Welfare reversed a determination by the hearing examiner that Mrs. Augelli and her daughter were entitled to a reinstatement of cash and food stamp benefits. The hearing examiner based this decision on the testimony of Mrs. Augelli and her daughter. We reversed the Secretary because he based his decision on what we ultimately determined was an error of law. The Secretary had determined that the hearing examiner's ruling was incorrect because Mrs. Augelli failed to produce documentary evidence that her husband did not reside with her. We held that this increased her burden of proof beyond that required by the applicable regulations:

> The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required, *to the extent that he is able,* to substantiate the information he has provided by documentary evidence or such other means as may serve to establish the truth of his statements. (Emphasis added.)

55 Pa. Code §201.1(1). These provisions do not specify any evidentiary requirements or limitations. The testimony in *Augelli* was such that the hearing examiner believed that Mr. Augelli did not reside with Mrs. Augelli and her daughter and had not for years. Therefore, we believe that *Augelli* is distinguishable from this case. Here, it is not the form of the evidence in question but its reliability. The hearing officer, in this case, clearly could not reconcile the conflicting documents and found the testimony of both Mrs. Nelson and Mr. Carter very weak. In fact, much of the documentary evidence presented was in the form of representations made by Mr. Carter himself of his own mailing address. The hearing officer was not bound to accept this evidence under these circumstances.

Mrs. Nelson asks that we find that the 1984 tax returns and the voter's registration records which the hearing officer referred to in his decision are insufficient grounds on which to support a denial of AFDC benefits. The tax returns, which were not signed, were completed by Mr. Carter. He recorded the Myrtle Street address as his own address and completed the tax forms as if he were a resident of that address. The voter's registration forms, which Mr. Carter also completed, showed that he resided at the Myrtle Street address. The forms, however, were not used by the hearing officer as substantive evidence that Mr. Carter lived with Mrs. Nelson. Rather, the inconsistencies in these documents were yet another factor in the hearing officer's credibility determination. The hearing officer makes clear that he places very little emphasis on the tax returns as substantive evidence inasmuch as the documentary evidence was already so conflicting.

Mrs. Nelson maintains that the hearing officer increased the burden imposed upon her by Section 153.44(a)(4) of the Code by requiring her to prove Mr. Carter's actual residence rather than his absence from her home. Mrs. Nelson relies on the following statement by the hearing officer to support this claim: "it is certainly conclusive that the address of Mr. Carter has not been proven." A review of the hearing officer's decision reveals that Mrs. Nelson has taken this statement out of context. In his next sentence the hearing officer states: "It is especially not proven that Mr. Carter does not live with the appellant."

Accordingly, an order is entered affirming the decision of the hearing officer.

## ORDER

Now, December 31, 1986, the final order issued by the Office of Hearings and Appeals, dated May 7, 1985, No. 51-1325555, is affirmed.