531 A.2d 585

Ralph Modzelewski, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 10, 1987, before President Judge CRUMLISH, JR., and Judges MACPHAIL, DOYLE, BARRY and COLINS.

*John C. Aciukewicz, Legal Services of Northeastern Pennsylvania, Inc.,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 24, 1987:

This appeal is from a final order of the Department of Public Welfare (DPW) denying the request of Ralph Modzelewski (Petitioner) for reconsideration of its order discontinuing Petitioner's cash assistance and food stamps for failure to comply with employment regulations without good cause.

At the fair hearing conducted by DPW, evidence was received which established that Petitioner, a recipient of cash assistance and food stamps, had been referred to employment as a truck driver by the Office of Employment Security (OES), that he had been hired and that he had failed to report for work. Petitioner testified that the "main reason" he refused the job was because his wife's nervous condition required him to be at home to help take care of their three children. Petitioner also testified that he was concerned that the vehicles he would operate were "illegal," *i.e.,* not in good shape nor "fit for the roads" and that the employer could not guarantee that he would get more than one truck trip a day and might be required to work as a laborer "in the yard." Notes of Testimony at 8-9; Reproduced Record at 14-15. Petitioner was to be paid $70.00 per day.

Petitioner said he reported the allegedly unsafe conditions to a Mr. Woods at OES and was told by Mr. Woods that he should not have been referred to that job. Mr. Woods was not present at the hearing nor was he deposed.

Woods apparently did sign a form indicating that Petitioner was hired but failed to show up for work. That form gives no reasons for the Petitioner's actions.

At the conclusion of the hearing, the hearing officer filed an adjudication which sustained Petitioner's appeal. On review, the director of DPW's Office of Hearings and Appeals reversed the hearing officer in an order dated July 24, 1986. Petitioner requested reconsideration which was denied on October 8, 1986. Petitioner filed his petition for review with this Court on October 14, 1986.[1]

The first issue which is before us is our scope of review. In his brief, Petitioner, citing *Hudson v. Department of Public Welfare,* 96 Pa. Commonwealth Ct. 572, 508 A.2d 383 (1986), states that the only issue for review "is whether the Department abused its discretion in denying [Petitioner's] request for reconsideration." DPW's brief, interestingly, sets forth that our scope of review is *not* limited to reviewing the denial of reconsideration, but "is plenary." Petitioner then filed a supplemental brief in which he agreed with DPW's position that we are to review the order of July 24, 1986, not the denial of reconsideration order of October 8, 1986.

In *Hudson* we held that the only matter which we could properly consider in an appeal to this Court where the petitioner had not timely appealed DPW's order denying him eligibility was DPW's denial of the application for reconsideration. In such circumstances, since the grant or denial of reconsideration is a matter of

---

[1] Because Petitioner initially proceeded pro se in this appeal, a filing date of October 14, 1986 was preserved as the actual appeal date, that being the date Petitioner sent a letter to the filing office requesting an appeal. *See* Section 211 of the Commonwealth Court of Pennsylvania Internal Operating Procedures, 210 Pa. Code §67.13.

administrative discretion, we held that we could reverse only for an abuse of discretion. *Id*.

In *Ormes v. Department of Public Welfare*, 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986), we invalidated prospectively DPW's regulation found at 55 Pa. Code. §275.4(h)(4)(iv) wherein it is provided that where a party to DPW proceedings requests reconsideration, the 30-day time limit for appealing the DPW decision to this Court commences on the date the Secretary acts on the request. We held in *Ormes* that the regulation was inconsistent with the provisions of Pa. R. A. P 1701(b)(3) which provides that only where an application for reconsideration is *granted* does the time for filing an appeal on the merits commence with the date of the order which decides the merits of the request for reconsideration. Where the application for reconsideration is denied, however, we held that the provisions of Pa. R. A. P. 1512(a)(1) are fully applicable.[2]

We hereby affirm our prior decisions in *Hudson* and *Ormes* and hold that DPW's regulation is clearly inconsistent with the Rules of Appellant Procedure. We might note that in this case, the July 24, 1986 order of reversal *is* consistent with Pa. R. A. P. 1512(a) because it specifically provides that an appeal may be taken to this Court within 30 days of the date thereof, thus recognizing that that order is a final appealable order. The DPW order further provides that either party may request reconsideration within 15 days of the date of the order. DPW's contention is that if a *request* for reconsideration is made, then, under the provisions of its regulation, that act on the petitioner's part automatically extends the appeal period to this Court for 30 days commencing

---

[2] Pa. R. A. P. 1512(a)(1) provides that petitions for review shall be filed within 30 days of the entry of the order from which the appeal is taken.

with the date the Secretary responds to the request. We do not believe that DPW has the power or the authority to alter the Rules of Appellate Procedure or to extend the time for filing an appeal by administrative regulation.

We now turn to the merits of the appeal, limiting ourselves to the issue of whether DPW's denial of reconsideration was an abuse of its discretion. We hold that it was not.

DPW regulations state that Petitioner is required to accept a bona fide offer of work in which the person is able to engage. 55 Pa. Code §165.23(e)(2)(ii)(A)(II). Any employment to which a person is referred by OES is, by regulation, deemed to be bona fide. 55 Pa. Code §165.23(f)(1). Employment is considered to be suitable unless the person refusing it verifies that one of the conditions set forth in 55 Pa. Code §519.3(a)(3), (4) or (5) exists. As we have noted, the Petitioner here stated that the *main* reason he refused the work was because he thought he should stay at home to help take care of the children. That is not an exception set forth in DPW regulations for suitable work.

With respect to the principal argument he advances in his brief to this Court that the equipment he would have operated was unsafe, Petitioner's own testimony was that some of the equipment had illegal stickers and that the truck was not in good shape. 55 Pa. Code §519.3(a)(5)(i) provides that if the individual who is referred to a job demonstrates that the degree of risk to health and safety is unreasonable, the work may be deemed unsuitable. Petitioner's testimony falls far short of meeting that burden.

Order affirmed.

## ORDER

The order of the Department of Public Welfare denying reconsideration is affirmed.