538 A.2d 125

Anna Mozier, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs December 14, 1987, to Judges MacPhail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

*Alba E. Martinez*, for petitioner.

*Cynthia B. White*, Assistant Counsel, for respondent.

Opinion by Judge Doyle, February 25, 1988:

Anna Mozier (Appellant) petitions for review of an order of the Department of Public Welfare (DPW), denying as untimely her request for reconsideration of an order of DPW's Office of Hearings and Appeals (OHA), which terminated her welfare, food stamp and medical benefits. We vacate and remand.

On October 4, 1985, the Philadelphia County Assistance Office (CAO) sent an advance notice to claimant proposing to discontinue her welfare, medical and food stamp benefits, because the CAO had determined that a common-law marriage existed between

Appellant and Mr. Gerald Pomeroy. An appeal of this decision was not filed until January 20, 1986. On June 17, 1986, a DPW hearing examiner issued a decision denying Appellant's appeal because it had not been filed within thirty days of the CAO's determination as required by 55 Pa. Code §275.3(b)(1). By order mailed June 23, 1986, the hearing examiner's decision was affirmed by the director of the OHA.

On July 9, 1986, Appellant filed a request for reconsideration. This request was one day beyond the fifteen day time limit imposed upon such requests by 55 Pa. Code §275.4(h)(4)(ii) which pertinently provides as follows:

> *Review by the Secretary.* Review by the Secretary may be made under the following circumstances:
>
> . . . .
>
> (ii) Either party to a proceeding has 15 days from the date of the decision of the Director of the Office of Hearings and Appeals within which to request reconsideration of that decision by the Secretary of the Department.
>
> . . . .
>
> The Secretary will, within 15 working days from the date the request is received, respond in writing to the request. The Secretary may affirm, amend, or reverse the decision of the Director, or remand the case to the hearing officer for further findings of fact.
>
> . . . .
>
> (iii) Requests for reconsideration will stay action proposed in the decision of the Director.
>
> . . . .
>
> (iv) In cases where there is a request for reconsideration, the time limit, 30 days, for appealing the decision of the Department to the Common-

wealth Court will begin on the date the Secretary responds to the request.

On August 15, 1986, the request for reconsideration was denied as untimely. The appeal to this Court was filed on September 4, 1986.

The first issue presented by this appeal is whether this case is properly before the Court. DPW argues that because Appellant's request for reconsideration was untimely, her appeal before *this Court* is untimely.

To understand DPW's argument it is necessary to begin with the Department's assertion that a request for reconsideration of a decision of the OHA makes the OHA's order interlocutory in nature. DPW states in its brief (p. 7) that its "reconsideration process is substantive, automatic and nondiscretionary when requested by a *recipient*. Upon a request for reconsideration, the Department will always conduct a substantive review on the merits." (Emphasis in original.) On the other hand, DPW contends, when a recipient does *not* request reconsideration or does so in an untimely manner, as here, the recipient must take an appeal from the OHA's order to this Court within thirty days. This, of course, was not in the least bit explained in its notice to the petitioner.[1]

---

[1] The order of the director of the OHA read as follows:

FINAL ADMINISTRATIVE ACTION ORDER

It is hereby ORDERED and DECREED that the decision of the Examiner is affirmed.

Either party to this proceeding has fifteen (15) calendar days from the date of that decision to request reconsideration to the Executive Deputy Secretary of the Department. The request must be in writing and must set forth in detail the basis upon which the request is made. The request shall be addressed to the Executive Deputy Secretary, but delivered to the Director, Office of Hearings and Appeals, Room 305, Capitol Associates Building, P.O. Box 2675, Harrisburg, Pennsylvania 17105 *and must be*

There are a number of flaws with DPW's argument. First, DPW's own regulations do not state explicitly that a request for reconsideration makes the OHA's decision interlocutory; only that the *action* proposed in the decision of the Director will be stayed. Moreover, even if DPW's regulation did, its position would still be contrary to law. The term "adjudication" is defined in 2 Pa. C. S. §101 as:

> [a]ny *final* order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. (Emphasis added.)

A "final order" has been defined by our Supreme Court as one which ends the litigation or alternatively disposes of the entire case. *Congway v. 20th Century Corp.*, 491 Pa. 189, 420 A.2d 405 (1980). The OHA's order here is clearly final. The inherent problem with DPW's interpretation of 55 Pa. Code §275.4(h)(4)(ii) is that it would allow a condition subsequent to change the very nature of the order by the recipient's request for reconsideration. An order itself is either final or interlocutory when it is entered; it cannot be made final or interlocutory by the agency issuing the order by some event which may or may not occur after its entry. Since DPW's interpretation of the regulation is plainly inconsistent with the term "adjudication" as used in 2 Pa. C. S. §101 and the Administrative Agency Law, DPW's interpretation is rejected. Indeed, DPW itself considered

---

*postmarked within fifteen (15) calendar days from the date of this decision.*

The appellant may take issue with this Adjudication and Order and may appeal therefrom to the Commonwealth Court of Pennsylvania within thirty (30) days from the date of this Order. (Emphasis in original.)

the OHA's decision to be final, as the decision is clearly marked "FINAL ADMINISTRATIVE ACTION ORDER" and advised Appellant that she had thirty days to appeal to this Court (*see* footnote 1). *See Modzelewski v. Department of Public Welfare,* 109 Pa. Commonwealth Ct. 519, 531 A.2d 585 (1987). *See also Twining Village v. Department of Public Welfare,* 105 Pa. Commonwealth Ct. 227, 523 A.2d 1199 (1987).

DPW next argues that its own regulation, 55 Pa. Code 275.4(h)(4)(iv), tolls the running of the time period within which an appeal must be taken and is not inconsistent with Pa. R.A.P. 1701(b)(3), and points to the following *underlined* portion of the rule, for support of its argument:

(b) **AUTHORITY OF A TRIAL COURT OR AGENCY AFTER APPEAL.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

. . . .

> A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasi-judicial order theretofore or thereafter filed or docketed with respect to the prior order. . . . *Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.*

DPW's argument, however, blithely ignores all the prerequisites necessary to get to the very end portion of Pa. R.A.P. 1701(b)(3) upon which DPW relies.[2] First, for the rule to have any application at all, a timely appeal must first have been taken from the order of the governmental body. There was none here. Second, a *timely* order expressly *granting* reconsideration must have been entered "within the time proscribed *by these rules* for the filing of a notice of appeal. . . ." "Timely" here means that the order granting reconsideration must be filed within 30 days of the final order which is appealed. An administrative agency's order granting

---

[2] We view with great disfavor counsel's quotation of a small portion of Pa. R.A.P. 1701(b)(3) completely out of context in order to support her argument. The rule clearly provides that only where a timely application for reconsideration is *granted* does the time for filing an appeal on the merits commence with the date of the order. Where the application for reconsideration is denied, whenever filed, or where an order deciding the reconsideration petition is never filed, the provisions of Pa. R.A.P. 1512(a)(1), requiring petitions for review to be filed within thirty days, are fully applicable.

reconsideration filed beyond the 30 day appeal period is of absolutely no consequence; the matter would simply remain with the appellate court. These provisions of the Rules of Appellate Procedure are *directly* contrary to DPW's regulation and we have so stated in *Ormes v. Department of Public Welfare,* 98 Pa. Commonwealth Ct. 588, 591, n.5, 512 A.2d 87, n.5 (1986). Moreover, we strongly agree with Judge MACPHAIL, who, in reject- ing these same arguments, wrote in our recent *en banc* opinion in *Modzelewski:*

> DPW's contention is that if a *request* for recon- sideration is made, then under the provisions of its regulation, that act on the petitioner's part au- tomatically extends the appeal period to this Court for 30 days commencing with the date the Secretary responds to the request. We do not believe that DPW has the power or the authori- ty to alter the Rules of Appellate Procedure or to extend the time for filing an appeal by adminis- trative regulation.

109 Pa. Commonwealth Ct. 522, 523, 531 A.2d at 587 (emphasis in original). In this case, Appellant's request for reconsideration was filed one day prior to our deci- sion in *Ormes,* which invalidated 55 Pa. Code 275.4(h)(4)(iv) but only *prospectively.* Since Appellant here filed her appeal to this Court, albeit untimely, in reliance upon the Department's regulation, we will estop DPW from now challenging the timeliness of this appeal and in the interests of fairness, allow the appeal to proceed on the merits. *See Nelson v. Department of Public Welfare,* 103 Pa. Commonwealth Ct. 21, 22, n.1, 519 A.2d 1062, 1063 n.1 (1986).

Turning to the merits of this case, we note that Sec- tion 504 of the Administrative Agency Law, 2 Pa. C. S. §504 requires that a full and complete record be made of proceedings before a Commonwealth agency. While

this Court has decided appeals on the merits where the transcript, although not complete, was adequate for judicial review, *Palmer v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972), the record here does not contain the evidence upon which the hearing examiner determined that Appellant's appeal from the CAO was untimely. This fact was contested at the hearing, and we are thus precluded from exercising our appellate function. *Cf. Palmer.* A remand therefore, is necessary.

We do not know why an hour of the hearing was not transcribed. If it is determined that the reporter merely forgot to type the transcript, DPW shall have the missing portion of the hearing typed and appropriate findings shall be made from the record. If, however, the missing portion of the transcript is either lost or unavailable, an entirely new evidentiary hearing should be held on the issue of timeliness.

### ORDER

The order of the Department of Public Welfare in the above-captioned matter is hereby vacated and the case remanded to the Department of Public Welfare for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

---

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

I respectfully dissent. The order appealed from states:

> AND NOW, this 15th day of August, 1986, the Request for Reconsideration filed by the appellant is denied because the Request for Reconsideration was not timely filed.

(Appellant's Brief at Appendix A). The sole issue before this Court is the validity of this order. Appellant admits that her request for reconsideration was filed one day

beyond the fifteen day time limit imposed by 55 Pa. Code §275.4(h)(4)(ii). Since there is no dispute that the request for reconsideration was untimely filed, the appeal should be dismissed. The reason advanced by Appellant for filing the request for reconsideration late, namely that a secretary failed to mail it on the day she was instructed to, is not sufficient to excuse Appellant from the mandatory requirements of 55 Pa. Code §275.4(h)(4)(ii). *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985); *Hentz v. Civil Service Commission of City of Philadelphia,* 85 Pa. Commonwealth Ct. 358, 481 A.2d 998 (1984).

This Court cannot, as the majority suggests, estop DPW from invoking a jurisdictional deadline. *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984). A Court has no power to extend a time limitation for appeal or to allow an appeal *nunc pro tunc* in the absence of fraud, or its equivalent, or some breakdown in the court's operation. *Phares v. Unemployment Compensation Board of Review,* 85 Pa. Commonwealth Ct. 475, 482 A.2d 1187 (1984). Lack of jurisdiction because of the untimeliness of the reconsideration request cannot be waived by this Court. DPW's final order of August 15, 1986, should be affirmed.