540 A.2d 996

Eddie L. Clark, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

598

Argued February 23, 1988, before Judges DOYLE and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*James McGarrity,* with him, *Harry Aaron Rubin,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

Opinion by Judge Doyle, May 4, 1988:

This is an appeal by Eddie L. Clark, M.D., from an order of the Office of Hearings and Appeals (OHA), Department of Public Welfare (DPW), which adopted the recommendation of the hearing attorney and, thus, terminated Dr. Clark from direct and indirect participation in the Medical Assistance Program (MAP) for a period of five years.

The hearing attorney found that Dr. Clark had been a participating physician in MAP and that he practiced for thirty years in an economically deprived area of Philadelphia. DPW conducted a billing and recordkeeping audit of Dr. Clark's patient records for the period from December 3, 1981 to February 27, 1982. Further, an on-site visit was made by DPW personnel on August 17, 1982 for the purpose of microfilming randomly selected patient charts. Upon review, it was determined that the microfilmed records were illegible. Consequently, in November 1982, DPW requested the original records which were provided. DPW has charged that twenty-six of the forty records provided in November exhibited either additions, deletions or other changes when compared to the August 1982 microfilmed records. The hearing attorney found this charge to be true. DPW further charged that, with respect to seven patients, Dr. Clark billed for certain office visits and diagnostic services without adhering to particular standards of practice. The hearing attorney sustained the charge with respect to two patients. Next, DPW contended that in seven instances Dr. Clark violated DPW regulations pertaining to medical record keeping. The hearing attorney sustained two of those charges. Finally, DPW charged that Dr. Clark had improperly billed for an office visit concerning a DPW employee posing as a welfare recipient; allegedly, the visit never occurred. The hearing attorney made no findings on

this charge. He concluded, however, that the first charge by itself justified the five-year termination of Dr. Clark's participation in MAP. The OHA adopted this recommendation and the instant appeal ensued.[1]

On appeal Dr. Clark contends that he was denied due process in that he was foreclosed from challenging the severity of the sanction; that the hearing attorney erred in refusing to qualify one of his experts and in excluding the testimony on grounds of relevancy; and that the DPW acted in bad faith and abused its discre-

---

[1] Dr. Clark also filed a timely petition for reconsideration with the Secretary of DPW. This was not, however, acted upon by the Secretary within the thirty day time limit prescribed by Pa. R.A.P. 1701(b)(3) and, hence, the Secretary lost his power to act. *See also Monsour Medical Center v. Department of Public Welfare*, 111 Pa. Commonwealth Ct. 359, 533 A.2d 1114 (1987). In a letter dated July 29, 1987 the Secretary acknowledged in his response to Dr. Clark's inquiry on the status of his case that he (the Secretary) had lost his authority to grant consideration because of the passage of time.

We note, however, upon review of the Secretary's letter, that DPW continues to be somewhat confused about Pa. R.A.P. 1701. *See, e.g., Mozier v. Department of Public Welfare*, 114 Pa. Commonwealth Ct. 74, 538 A.2d 125 (1988); *Modzelewski v. Department of Public Welfare*, 109 Pa. Commonwealth Ct. 519, 531 A.2d 585 (1987); *Nelson v. Department of Public Welfare*, 103 Pa. Commonwealth Ct. 21, 22 n.1, 519 A.2d 1062, 1063 n.1 (1986); *Ormes v. Department of Public Welfare*, 98 Pa. Commonwealth Ct. 588, 591 n.5, 512 A.2d 87, 89 n.5 (1986). The Secretary correctly states that under 1 Pa. Code §35.241 he had lost his authority to act on the reconsideration petition. He also indicates, however, that "[a]s a result of your filing a Petition for Review in Commonwealth Court, no further action is possible on your Petition for Reconsideration." This statement is, as a general matter, overbroad and an incorrect statement of the law. Had the Secretary (1) timely acted upon the reconsideration petition and (2) granted it, the appeal to this Court would have been rendered inoperative and the Secretary would have had jurisdiction to consider the case. *See* Pa. R.A.P. 1701(b)(3); *Pannacci v. State Civil Service Commission*, 101 Pa. Commonwealth Ct. 602, 516 A.2d 1327 (1986).

tion in imposing this particular sanction upon him. We shall consider these issues in turn fully cognizant that our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Dr. Clark first asserts that he was denied an opportunity to submit evidence on the issue of an appropriate sanction.[2] The citations to the record, however, do not bear this out. While it is true that the hearing attorney stated that he could only make recommendations and could not impose or alter sanctions, he did let the good character evidence pertaining to Dr. Clark in. No other evidence on mitigation was offered. We have previously recognized that the hearing attorney's role in a provider case is only to make recommendations, *see Northwestern Institute of Psychiatry v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 213, 513 A.2d 495 (1986), and we hold that the conduct of the hearing attorney here was properly within his authority and did not involve a denial of due process.

In a related contention, Dr. Clark argues that because the same individual investigated his case, testified at the hearing, and originally recommended the sanction ultimately imposed, an impermissible commingling of adjudicatory and prosecutorial functions occurred. It is well settled that due process is violated if the one who prosecutes also adjudicates. *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong*, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976). We cannot agree, however, that that is what occurred here. Certainly, the original investigation could

---

[2] Despite DPW's argument to the contrary, we think this issue was sufficiently preserved for appellate review.

be performed by a witness. And, the mere fact that this individual *recommended* a sanction to his supervisor, who himself adopted the recommendation, does not mean that this individual acted in a "judicial" role. Certainly, the witness was not *adjudicating* the propriety of the sanction. Thus, we can perceive no constitutional violation here.

Next, Dr. Clark alleges error in that the hearing attorney refused to allow his medical witness to offer an opinion concerning Dr. Clark's compliance with DPW record-keeping requirements. Again, this allegation misstates the evidence. The witness was permitted to testify on this subject. The hearing attorney, however, refused to accept the witness as an expert on DPW record-keeping requirements, although he did accept him as a medical expert.

The question of whether a particular witness qualifies as an expert is one for the trial court (here the administrative tribunal) and the decision will be reversed only if there is a clear abuse of discretion. *Marlowe v. Lehigh Township,* 64 Pa. Commonwealth Ct. 587, 441 A.2d 497 (1982). During *voir dire* it was established that Dr. Clark's expert had been available to do peer reviews for DPW in 1979, but had actually conducted a review in only one case. Further, the regulations he operated under were not the ones in effect at the relevant time here. N.T. 51. On these facts, we hold that the hearing attorney did not abuse his discretion in refusing to qualify Dr. Clark's witness as an expert on DPW record-keeping matters.

Finally, Dr. Clark contends that the sanction imposed was too harsh and constituted an abuse of discretion. DPW has broad discretion with respect to the imposition of penalties in provider cases. *Girard Prescription Center v. Department of Public Welfare,* 90 Pa. Commonwealth Ct. 488, 496 A.2d 83 (1985), *petition*

*for allowance of appeal granted,* 509 Pa. 492, 503 A.2d 930 (1986). Further, because DPW has the power to terminate a provider from participation permanently, absent fraud or bad faith, a limited DPW sanction will not be viewed as an abuse of discretion. *Id.*.

Here, Dr. Clark was found to have committed a gross violation of DPW standards because of the material alterations appearing in his records. The hearing attorney and the OHA both believed that this charge alone supported the penalty. Certainly the basic integrity of MAP is at stake in a situation like this, and thus; we conclude that DPW's sanction did not constitute an abuse of discretion.[3]

Dr. Clark argues for a lesser penalty because charge four, which was apparently considered to be the most serious one, was "resolved in his favor." We disagree with this characterization. It is improper to infer from the absence of findings that the question was resolved in favor of the party who prevailed on that issue. *See Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975).

Dr. Clark also contends that DPW acted improperly in reviewing records more than four years old when the applicable regulation requires that he keep records only for four years. *See* 55 Pa. Code §1011.51(e). We, however, agree with the hearing attorney that if the records are available and are provided, nothing in this regulation precludes DPW from using them.

Finally, Dr. Clark asserts bad faith because of a conversation heard by one of his employees in an elevator where a DPW employee allegedly stated "ha-ha we've got that Silver King Dr. Clark now." Even assuming such a statement was made, (the hearing attorney made

---

[3] We reject the notion that because DPW failed to prove all of its charges, a lesser sanction than that sought had to be imposed.

no findings on this point) there is nothing to show that any such opinion was held by the hearing attorney, the OHA or the Secretary of DPW. Accordingly, we do not believe the evidence establishes bad faith on the part of the decision makers.

Based upon the foregoing opinion, the order of the OHA is affirmed.

### ORDER

Now, May 4, 1988, the order of the Office of Hearings and Appeals in the above-captioned matter is hereby affirmed.