Roger J. Miner, J.
Petitioner seeks to review, pursuant to CPLR article 78, two decisions made after fair hearing by respondent Toia pertaining to the allocation of certain educational grants and loans. The period of time involved in this matter is March to June of 1976.
It appears that petitioner is a student at Empire State College and receives public assistance in the category of Aid to Families with Dependent Children (ADC). During the period in question she received additional assistance as follows: Basic Education Opportunity Grant (BEOG), a Federal grant by the United States Commissioner of Education; National Direct Student Loan (NDSL), under a program administered by the United States Commissioner of Education; New York State Higher Education Assistance Corporation Loan (NYHEAC), a loan partially guaranteed by the United States Commissioner of Education but not Federally administered; and New York State Tuition Assistance Program (TAP) grant.
For the period in question, respondent Fahey applied petitioner’s educational expenses against the BEOG grant and the NDSL loan; to the extent that the total of the grant and loan exceeded petitioner’s educational costs, the county agency did not consider the same in computing petitioner’s need for public assistance. However, the NYHEAC loan and the TAP grant were applied in reduction of petitioner’s need for assistance.
The determination of the Albany County agency was affirmed by a decision after fair hearing, dated April 27, 1976. Thereafter, a special proceeding was brought on for the review of that decision and, upon consent, an order was made on November 20, 1976, directing a remand for a further fair hearing to determine all of petitioner’s educational expenses for the school year 1975-1976. The remand order provided that petitioner have the right to serve an amended petition "to include matters arising out of the above-ordered proceedings.”
The second fair hearing decision, dated January 5, 1977, sustained the determination of the Albany County Depart *503 ment as to the budgeting of the educational grants and loans, and a finding was made that the petitioner "did not, either prior to or at the hearing, verify any educational expenses for the 1975-76 school year in excess of those allowed by the agency.” It is noted that the expenses claimed by petitioner involved such noneducational items as the cost of a washing machine, repairs to an exercise bicycle and tinted eyeglasses. In this proceeding petitioner challenges that determination, contending that the TAP grant and the NYHEAC loan are exempt from consideration as income and resources in computing public assistance.
It seems clear that Federal law and regulations exempt grants or loans made or insured under any program administered by the United States Commissioner of Education from consideration as income or resources. For that reason, the respondents properly treated the BEOG and NDSL loan as exempt. However, it seems equally clear that the TAP grant and the NYHEAC loan do not fall within the exempt category and, to the extent that they are in excess of educational needs, as found here, should be applied in reduction of public assistance. (18 NYCRR 352.16; US Code, tit 20, § 1071, subd [a]; § 1078, subd [b]; Education Law, § 680, subd 1, par b.) Both the TAP grant and the NYHEAC loan were unrestricted under the facts revealed here and, under the circumstances, the State Commissioner’s interpretation of applicable regulations should be sustained. (Matter of Howard v Wyman, 28 NY2d 434.)
Respondents have claimed that petitioner never raised the claim that the NYHEAC loan was restricted, prior to the service of her amended petition of November 12, 1976. Without passing upon the question of amendment of an article 78 petition as of right (cf. CPLR 7804, subd [d]; CPLR 3025, subd [a]; CPLR 402; 24 Carmody-Wait 2d, NY Prac, § 145:313), it is the court’s opinion that the matter is properly raised in the "Amended Petition after Remand” in accordance with the court’s order of November 20, 1976.
The court determines that this proceeding is not appropriate for a class action. (CPLR 901.)
Insofar as petitioner contends that "there is no substantial evidence to support respondents’ determination that petitioner’s TAP grant and NYHEAC loan are not exempt, and were not used to pay 'necessary’ educational expenses”, transfer to the Appellate Division is mandated. (CPLR 7804, subd [g].)