Annette Scott, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Suzanne Reilly,* for appellant.

*Edward P. Carey,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRAIG, October 11, 1979:

Petitioner Annette Scott is the mother of three minor children born out of wedlock; one of the children, Nicole, is the daughter of Lawrence Christopher who, undisputedly not the father of either of the other children, made voluntary support payments for Nicole, ranging from $20 a week to $35 a week.

Petitioner and her family have been receiving public assistance under the Pennsylvania version of the Aid to Families With Dependent Children (AFDC) program, governed by 42 U.S.C. §606(a).

Of course, under 18 Pa. C.S. §4323, it is clear as a matter of law that the acknowledged father has a legal duty to support his child and only his child, and a reasonable view would consider it well that he was doing so without having to be compelled by court order.

It is equally clear, under the statute cited, that such support payments legally belong to the child Nicole, not to the other children or to the mother.

However, when Petitioner informed the Philadelphia County Board of Assistance (CBA) that such legally required payments were being made, the CBA informed Ms. Scott that such income of Nicole would be treated as available income to the entire family unit and that the unit's grant would be reduced by the amount of Nicole's support; if the CBA had recognized Nicole's income as "legally restricted income," the overall grant reduction would have been less.

At the appeal hearing, the hearing officer determined that "court-ordered support payments are the only support payments which are considered to be legally restricted income, . . ." citing Commonwealth of Pennsylvania, Department of Public Welfare (DPW) Public Assistance Manual §183.24(e).[1]

---

[1] 55 Pa. Code §183.24(e). That subsection reads:

Thus the question here turns on DPW's view that the assistance to an entire family is less impaired by court-compelled payments for one of the children, than when there is voluntary compliance with the duty to support that one child, without a court order.

(e) *Child with income paid in his behalf to the client.* Income in this instance will refer to allotments, benefits, awards, court orders, trust fund payments, or the like, which are paid to the client in behalf of a child living with him. 'Child' will refer to either natural or adopted under 21 years of age.

(1) Some kinds of payments in this category will be legally restricted to the use of the child. OASDI and Veteran's benefits paid in behalf of a child will always be legally restricted to the use of the child.

(2) Court Orders specifying support for the child or children will be legally restricted to use of the named persons. Where the court order covers more than one child, each child will be considered to have an equal share unless the court order specified otherwise as follows:

(i) *If the income is not legally restricted to the use of the child.* The following will be deducted from the income:

(A) The difference between the family size allowances for the assistance unit, excluding special needs allowances and what the allowances would be if the child were included in the assistance unit.

(B) The actual cost of medical care for the child.

(C) The actual cost of the life insurance of the child up to $2.00 monthly. The remainder will be considered income available to the client and his dependents as defined in §183.64 of this title (relating to procedures).

(ii) *If the income is legally restricted to the use of the child.* The income will be considered available to meet his individual need and will be disregarded in determining the eligibility of the assistance unit.

Counsel have not dealt with the terms of the above subsection to aid the court in interpreting it. It clearly does not limit "legally restricted" income to that paid under court order.

Payments for Nicole are, as received by the mother, "legally restricted income" as to Nicole alone because they are made pursuant to the legal duty to support.

Under this federally sponsored program, it is improper to consider support payments for one child as part of the resources of the entire family. *Gilliard v. Craig*, 331 F. Supp. 587 (W.D. N.C. 1971), *affirmed* 409 U.S. 807, *rehearing denied*, 409 U.S. 1119 (1972).

Counsel for petitioner has cogently quoted the *Gilliard* opinion as follows:

> If the income of an individual with no legal duty of support is not available to the family, then on like principle the contribution to the support of [the child] by one having no legal duty to support the rest of the family cannot be considered a resource available to that family. . . .

*Gilliard v. Craig*, 331 F. Supp. at 593.

We do not find in the *Gilliard* opinion any reference to a court support order or other formality as a basis for the decision, despite the unsupported claim in the Commonwealth's brief to that effect.

*Gilliard* reads the plain words of 42 U.S.C. §606 (a)(7) to mean that a particular child's income is to be included in the family aid computation only if that child is one of the AFDC recipients ("claiming aide"), not if that child is being separately supported, as here. State AFDC regulations, if interpreted or written to the contrary, violate federal law, with which they must conform. *VanLare v. Hurley*, 421 U.S. 338 (1975).

The decision of DPW is reversed, and this case will be remanded for recomputation and the making of AFDC payments consistent with the views expressed in this opinion.

## ORDER

AND Now, this 11th day of October, 1979, the decision of the Department of Public Welfare No. 1127 447 C dated October 5, 1977 is reversed and the case is remanded to DPW for recomputation of payments consistent with this opinion.