Zoeann Heinsohn, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Jeffrey L. Greenwald,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 18, 1982:

Zoeann Heinsohn (Petitioner) appeals from an order of the Secretary of the Department of Public Welfare (Secretary or DPW) which, as subsequently clarified by a letter from the Secretary, reduced the amount of a transportation allowance grant issued to Petitioner by $214.00. We vacate and remand.

The fact findings of the hearing examiner in this case, which are supported by substantial evidence in the record, establish that Petitioner was a recipient of assistance under the Aid to Families with Dependent Children (AFDC) program at all times relevant to this matter. Petitioner enrolled as a student at Moravian College in September, 1978 with the goal of attaining a degree in Medical Technology. Petitioner

obtained a Pennsylvania Higher Education Assistance Agency (PHEAA)[1] loan in the amount of $1,233.00 and a Basic Educational Opportunity Grant (BEOG)[2] of $800.00 to help finance her first year in college. Petitioner had to travel 51.4 miles round trip in order to reach the college.

Prior to her enrollment, Petitioner visited the Northampton County Assistance Office (CAO) and requested information, in broad terms, as to any additional benefits she might be entitled to as a result of her decision to attend undergraduate college. The hearing examiner found that Petitioner was not told of the availability of a transportation allowance to cover her travel expenses. Petitioner subsequently obtained legal advice and applied for an allowance on or about December 14, 1979 to cover her travel expenses for the period from September, 1978 through July, 1979.[3] On June 23, 1980 Petitioner was notified by the CAO that her request had been denied. Petitioner filed a timely appeal and a hearing examiner, after conducting a fair hearing, determined that Petitioner was eligible for the allowance. The Director of the Office of Hearings and Appeals affirmed the hearing examiner's order. The CAO then requested reconsideration by the Secretary, contending that Petition-

---

[1] PHEAA loans are insured pursuant to the Act of August 7, 1963, P.L. 549, *as amended*, 24 P.S. §§5101-5112.

[2] BEOG grants are authorized by 20 U.S.C. §§1070-1070a.

[3] A transportation allowance is authorized as a grant to decrease need for assistance pursuant to 55 Pa. Code §175.23(c)(3):

A recurring allowance may be included in the regular grant for either of the following items for a recipient who is in training as specified in this paragraph. . . .

(i) . . . $.12 a mile for transportation by the automobile of the client, to and from the training site for the following:

. . . .

(B) A mother or other caretaker relative to attend . . . undergraduate college.

er had $214.00 available for transportation expenses from her BEOG grant and PHEAA loan which should be applied to reduce the amount of the transportation allowance. The Secretary agreed and ordered that the allowance be reduced. It is the Secretary's final order that has been appealed to this Court.

Two basic issues have been presented for our consideration: 1) whether the final order of the Secretary was in accordance with applicable statutory and regulatory law, and 2) whether the BEOG grant and PHEAA loan are exempt from consideration as income or resources in determining the Petitioner's eligibility for a transportation allowance grant.

With regard to the first issue before us, as a participant in the AFDC program, Pennsylvania is required to provide an opportunity for a fair hearing to any individual whose application for AFDC is denied. 42 U.S.C. §602(a)(4). Federal regulations require that state plans provide for a system of hearings whereby:

> Decisions by the hearing authority shall:
>
> . . . .
>
> (ii)   In the event of a State agency de novo hearing, *specify the reasons for the decision* and identify the supporting evidence and regulations. (Emphasis added.)

45 C.F.R. §205.10(a)(15). In Pennsylvania the "hearing authority" is the Secretary. 55 Pa. Code §275.4 (h)(1)(i). The Secretary has delegated her authority to conduct fair hearings, however, to designated hearing officers who render decisions which are either affirmed, amended, reversed or remanded by the Director of the Office of Hearings and Appeals, 55 Pa. Code §275.4(h)(4)(i). Either party may then seek reconsideration by the Secretary. 55 Pa. Code §275.4(h)(4) (ii). With respect to the content of decision notices, Pennsylvania regulations provide that the hearing

officer must "specify the reasons for the decision and identify the supporting evidence." 55 Pa. Code §275.4 (h)(3)(i). The Director of the Office of Hearings and Appeals, however, need only specify reasons for his actions when he *reverses* the decision of the hearing officer, 55 Pa. Code §275.4(h)(4)(i). Nothing is said in the regulations about what shall be included in the Secretary's response to a request for reconsideration. *See* 55 Pa. Code §275.4(h)(4)(ii).

In the instant case, Petitioner received notice of the Secretary's final order, dated November 26, 1980, indicating only that the Director's decision had been reversed, with no reasons for the reversal specified therein. Petitioner then requested that the Secretary reconsider her decision because the CAO had appealed only the exemption of the $214.00. The Secretary responded with a letter[4] advising that "my Order reverses to the extent that the sum of $214.00 is available to your client, and that amount should be subtracted from the $863.52 sought." Again, no reference to supporting evidence or regulations was made in this letter.

Petitioner argues that the failure of the Secretary to specify reasons, evidence and regulations in support of her decision violates the federal regulations cited, *supra*. We agree and conclude that in accordance with federal regulations each new decision reached by the Secretary or her representatives must include reasons for the decision and supporting evidence and regulations.

We note that in addition to the federal regulatory requirement, Section 507 of the Administrative Agency Law, 2 Pa. C. S. §507, provides that:

---

[4] The letter was not included in the record as certified to this Court. A copy of the letter was, however, appended to Petitioner's brief and DPW does not dispute that the letter was sent by the Secretary.

> *All adjudications* of a Commonwealth agency shall be in writing, *shall contain findings and the reasons for the adjudication,* and shall be served upon all parties or their counsel personally, or by mail. (Emphasis added.)

The Secretary's order clearly did not satisfy this statutory mandate.

Since the Secretary's order did not comply with the federal regulations or the Administrative Agency Law and since her "clarifying" letter cannot be viewed in this case as curing the defect, we must remand this matter to the Secretary for the issuance of a proper adjudication.

In remanding to the Secretary we note that our review of the record in this case and the law cited by counsel in their briefs has raised issues that we think should be addressed by the Secretary in order to facilitate future appellate review of her decision.

Petitioner contends in this case that both her BEOG grant and PHEAA loan are exempt under federal law from consideration as income or resources in determining eligibility for public assistance. Thus, she contends that in determining her eligibility for a transportation allowance, any monies available from her BEOG grant or PHEAA loan for transportation expenses may not be applied to reduce the amount of the allowance. DPW concedes that the BEOG grant must be disregarded from consideration as income or resources under federal law since such grants are made directly by the federal government under a program administered by the Commissioner. 20 U.S.C. §1070(a). The grant must, accordingly, be disregarded pursuant to the following federal regulation:

> [I]n determining eligibility for public assistance and the amount of the assistance payment, the following will be disregarded as income and resources:

. . . .

> (d) Any grant or loan to any undergraduate student for educational purposes *made or insured* under any programs administered by the Commissioner [now Secretary] of Education.

45 C.F.R. §233.20(a)(4)(ii)(d) (emphasis added).[5]

DPW argues, however, that PHEAA loans are not exempt because they are made by lending institutions and are insured under a program administered by the Commonwealth. Although the federal government also guarantees or "reinsures" PHEAA loans, under the Guaranteed Student Loan (GSL) program,[6] DPW argues that the federal involvement is of such a limited nature that it does not trigger the federal exclusion under 45 C.F.R. §233.20(a)(4)(ii)(d).

Assuming that DPW is correct that PHEAA loans are not exempt, the problem remains that nowhere in the record is there any evidence as to whether the $214.00 here at issue are monies which are "available" from the BEOG grant or the PHEAA loan, or both. Since DPW has conceded that any monies from the BEOG grant must be disregarded, it is apparently crucial to DPW's argument that the $214.00 be monies included in *the PHEAA loan*. We think that this is a matter which should be addressed on remand.

Finally, we at present have only the benefit of counsel's interpretation of the regulatory basis for the Secretary's decision. The law with regard to the issue presented by counsel, to wit, whether student loans initially insured by a state agency and guaranteed under the GSL program are subject to the federal exclusion, is far from clear. *See Hayes v. City University of New York,* 503 F. Supp. 946 (S.D.N.Y.

---

[5] This regulation is based on Section 507 of the Higher Education Act Amendments of 1968, Public Law 90-575, 82 Stat. 1014.

[6] *See* 20 U.S.C. §1078.

1980), *aff'd,* 648 F.2d 110 (2d Cir. 1981); *Markel v. Blum,* 509 F. Supp. 942 (N.D.N.Y. 1981); *Stutzman v. Fahey,* 397 N.Y.S. 2d 861, 90 Misc. 2d 501 (1977). We, therefore, consider it to be essential that *the Secretary* specify the reasons for her decision and the regulations in support thereof. In the absence of such information we cannot render appropriate appellate review.

We, accordingly, will vacate the order of the Secretary and remand this case for the issuance of an adjudication consistent with the foregoing opinion.

### Order

And Now, this 18th day of May, 1982, the final order of the Department of Public Welfare, dated November 26, 1980, is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

Judge Mencer did not participate in the decision in this case.