Helen Hawkins, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 28, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Kathleen R. Mulligan,* with her *Kim Kendrick,* for petitioner.

*Jason W. Manne,* Assistant Counsel, with him *Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 31, 1983:

This appeal by the mother of six minor children from an order of the Pennsylvania Department of Public Welfare (DPW) questions DPW's reversal of a hearing examiner's decision which upheld her entitlement to a one-time grant in the amount of $549.60, as reimbursement for a portion of the family's assistance, which DPW had reduced by attributing to the family unit social security benefits in the amount of $193.60, legally restricted to the use of just three of the children.

The findings with respect to the monetary calculations, over a period during which various other uncontested changes occurred, are not in dispute; the one-time grant reimbursement amount equals the net additional sums which the family would have received if the three children, upon the commencement of the social security benefits related to their father, had been treated separately from the assistance unit. The mother apparently volunteered to keep them within the assistance unit upon a mistaken belief that a greater loss could be encountered, in the form of medical benefits, if she did otherwise.

We agree with the hearing examiner's conclusion that 55 Pa. Code §183.24(e), as it stood during the period involved here, flatly stated that benefits such

as the social security benefits in this case "will always be legally restricted to the use of the child" (or children) receiving them. We set forth the full text of that regulation by footnote in *Scott v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 403, 406 A.2d 594 (1979).

The hearing examiner's proper conclusion, that neither the DPW nor the mother had legal power to merge the children's benefits with the family assistance, is in accordance with the clear language of the regulation. *See also Scott,* in which we cited *Gilliard v. Craig,* 331 F. Supp. 587 (W.D.N.C. 1971), *aff'd.* 409 U.S. 807, *reh'g. denied,* 409 U.S. 1119 (1972).

The Director of DPW's Office of Hearings and Appeals reversed the hearing examiner on the theory that the children's caretaker-relative may elect to make the social security income available to the entire family unit. That legal interpretation appears to go directly contrary to the plain language of 55 Pa. Code §183.24 (e) as it applied to this case. Later, effective September 25, 1982, DPW amended the regulation to confer such an election upon the caretaker in a limited respect, but even that amendment confines such an election to court-ordered support payments, as distinguished from other benefits, which continue to be treated as restricted, by a separate subsection.

We must conclude that the substantive reading by the hearing examiner was correct.

We must also reject DPW's contention that a one-time grant for this corrective purpose is not authorized under 55 Pa. Code §227.24(d)(1)(ii)(C). Those subsections and items plainly authorize a one-time grant when a recipient "has been underpaid ... due to administrative error," including situations where the underpayment "is discovered more than 30 calendar days" from the date it began.

We reverse and order the payment to be made.

## ORDER

Now, March 31, 1983, the final order of the Pennsylvania Department of Public Welfare, Office of Hearings and Appeals, in Case No. L-187316-C, is reversed, and the decision of the hearing examiner dated August 15, 1980 is reinstated, so that the Allegheny County Board of Assistance is directed to authorize to petitioner a non-recurring one-time grant in the amount of $549.60.