Paulette Brown, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs October 3, 1983, to President Judge CRUMLISH, JR., and Judges BARRY and BARBIERI, sitting as a panel of three.

*Robert F. Bensing,* for petitioner.

*Jean E. Graybill, Assistant Counsel,* for respondent.

OPINION BY JUDGE BARBIERI, March 22, 1984:

This is an appeal from an order of the Secretary (Secretary) of the Department of Public Welfare (D.P.W.) reversing a decision of the D.P.W.'s Office of Hearings and Appeals which awarded state funded general assistance benefits to Paulette Brown (Petitioner). We affirm.

Petitioner, who is separated from her husband, receives support payments from her spouse, by way of military allotments, pursuant to a separation agreement which reads in pertinent part as follows:

Whereas, the parties do confirm the separation and hereby make arrangements in connection therewith, including the settlement of property rights, the custody, support and education of their child or children, support and maintenance of the wife and all of the rights and obligations growing out of the marriage relationship; and,

. . . .

5. The wife also agrees that for so long as the husband shall maintain the child support payments incorporated herein, then for all income tax purposes, State and Federal, the husband shall have the right to claim the issue of the marriage to wit: Terrance J. Brown, Eugene M. Brown, Jr., Candy M. Brown and Yvette A. Brown as dependants and receive therefore the deduction. . . .

6. The wife shall retain custody of the said children, and the husband will be accorded visitation rights at the discretion of the wife. Husband agrees to pay the wife $450.00 per month, which amount will be for the support of the children.

. . . .

On September 15, 1980, Petitioner applied to the Blair County Assistance Office (CAO) for state funded General Assistance (GA) benefits for herself alone. The CAO subsequently determined that Petitioner was receiving $400.00 per month in support payments from her husband, rather than the $450.00 per month called for in their separation agreement, and concluded that these payments were not legally restricted to the use of Petitioner's children, and hence, had to be considered in determining Petitioner's eligibility for GA benefits. By using the calculations which follow, the CAO then found Petitioner to be ineligible for GA benefits:

$381—four person assistance allowance (excluding Terrance)[1]

-172—One person assistance allowance

$209—Children's needs on assistance

$400—monthly income from allotment check

-209—income available to appellant

$191—income available to appellant

172—Single person assistance grant

On appeal, and following a fair hearing, a D.P.W. hearing examiner reversed the CAO's eligibility determination concluding pertinently that "[t]he Hearing Examiner is of the opinion that the intent of the Separation Agreement was that the husband was not going to provide support for the [Petitioner]; only for the children specifically mentioned. . . ." On appeal the Director of the D.P.W.'s Office of Hearings and Appeals (Office) affirmed the hearing examiner's decision, but the Office's decision was subsequently

---

[1] Petitioner's spouse is not the biological or adoptive father of Terrance.

reversed by the Secretary who concluded pertinently that

> [t]he Hearing Examiner has gone well beyond the facts of this case and looked to the intent of the parties who entered into the Separation Agreement. Since the Separation Agreement makes specific reference to the appellant—"the support and maintenance of the wife"—the Hearing Examiner has no authority to ignore this statement.

The present appeal followed.

Before this Court, Petitioner asserts (1) that the Secretary erred as a matter of law by finding the Office's interpretation of her separation agreement to be in error and (2) that she is legally entitled to GA benefits in any event. We need only address the latter issue here.

Section 183.24(e) of Title 55 of the Pennsylvania Code, and not Petitioner's separation agreement, in our view, governs her eligibility for GA benefits. It reads in pertinent part as follows:

> *Child with income paid in his behalf to the client.* Income in this instance will refer to allotments, benefits, awards, court orders, trust fund payments, or the like, which are paid to the client in behalf of a child living with the client. "Child" will refer to either a natural or adopted child under 21 years of age.
>
> (1) *Income legally restricted to the use of the child.* Some kinds of payments in this category will be legally restricted to the use of the child and are disregarded in determining eligibility of the assistance unit. RSDI Veteran's benefits paid in behalf of a child are always legally restricted to the use of the child. Court orders specifying support for the child or children are

legally restricted to use of the named persons. . . . The income will be considered available to meet his individual need and will be disregarded in determining the eligibility of the assistance unit, unless the person who is the payment name wants the child included in the grant. . . .

(2) *Income not legally restricted to use of the child.* Income which is not legally restricted to the use of the child must be considered available to the members of the assistance unit. . . .

(Emphasis in original.)

Petitioner, in her brief to this Court, asserts, citing *Scott v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 403, 406 A.2d 594 (1979), that the payments she receives from her spouse are "legally restricted" within the intendment of Section 183.24(e), though not made pursuant to a court order, and should therefore not be considered in determining her eligibility for GA benefits. We disagree.

Section 183.24(e) by its very terms, requires the inclusion of support payments in determining an assistance unit's eligibility for GA benefits unless those support payments, directly *or indirectly,* are limited to the use of a particular child or group of children by statute or a court order. There is no such legal restriction here.

In *Scott,* which Petitioner exclusively relies upon in her brief to this Court, we held that voluntary support payments made by a father to his child born out of wedlock were legally restricted income for the purpose of determining the custodial mother's eligibility for Aid to Families with Dependant Children (AFDC), a federally funded program, since the father's statutory duty to support only extended to his child, and not the mother or other members of the as-

114

sistance unit, and since federal statutory law exempted such payments from consideration in determining eligibility for AFDC benefits. Here, however, Petitioner's spouse had a statutory duty to support her as well as his children, and Petitioner is seeking state funded GA benefits, and not AFDC benefits, where federal statutory law governs eligibility determinations. We shall accordingly affirm.

ORDER

Now, March 22, 1984, the Final Order of the Secretary of the Department of Public Welfare in Case No. 57137-D, dated April 13, 1982, is affirmed.

Judge BARRY dissents