537 A.2d 102

Shirley Kiess, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 17, 1987, before Judges Mac-Phail and Colins, and Senior Judge Narick, sitting as a panel of three.

*Jeffrey L. Greenwald,* for petitioner.

*Cynthia B. White,* Assistant Counsel, for respondent.

Opinion by Judge MacPhail, February 10, 1988:

Shirley Kiess (Petitioner) appeals a final order of the Department of Public Welfare (DPW) denying her re-

quest for reconsideration of an order of the Office of Hearings and Appeals which reversed a hearing officer's order sustaining her appeal from a decision of the Lehigh County Assistance Office (CAO). We affirm DPW's final order.

Petitioner received Aid to Families With Dependent Children (AFDC) benefits in the amount of $287.00 per month for herself and her daughter, Stacey. Petitioner's household also included her son Vincent Chladni, Vincent's father John Chladni, and John's two children by a previous marriage. Mr. Chladni, who is totally disabled due to a severe arthritic condition, receives $541.00 per month in Social Security benefits for himself, and $114.00 per month for each of his three children.

The CAO informed Petitioner, by Advance Notice dated November 22, 1985, that it proposed to terminate her AFDC benefits pursuant to Public Assistance Eligibility Manual (PAEM) Temporary Regulation 171.21(b)(1)(i)(C)(II), first appearing in DPW's Income Maintenance Bulletin # 99-85-30, which provides as follows:

(1) *AFDC Filing Unit.* Requirements are as follows:

(i) An AFDC filing unit must include the following persons:

. . . .

(C) Any brother or sister of the children eligible for AFDC *must be included* if the brother or sister:

. . . .

(II) Is deprived of parental support or care by reason of the death, absence, physical or mental incapacity or unemployment of a parent in accordance with Chapter 153 of this Title (relating to deprivation of support or care) (emphasis in original).

The CAO determined that Vincent Chladni was deprived of parental support because of his father's disability, and that as Stacey Kiess' half-brother, he would have to be included in Petitioner's filing unit. With John and Vincent Chladni added to Petitioner's unit, the increase in income caused the termination of Petitioner's benefits.

Petitioner's appeal to DPW was sustained by the hearing officer, who concluded that Mr. Chladni was not unable to support and care for his son considering the amount of his Social Security income. The Office of Hearings and Appeals reversed this determination, however, concluding that Vincent was deprived, within the meaning of Temporary Regulation 171.21(b)(1)(i)(C)(II), because of his father's physical incapacity. Petitioner's request for reconsideration was denied in a final order entered May 21, 1986, and she has appealed to this Court.

Initially, we note that our scope of review of a DPW decision is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with law, or whether constitutional rights were violated. *Nelson v. Department of Public Welfare,* 103 Pa. Commonwealth Ct. 21, 519 A.2d 1062 (1986). We also recognize that an administrative agency's interpretation of its own regulations is controlling unless the interpretation is plainly erroneous or inconsistent with either the regulation or the statute under which it is promulgated. *Department of Public Welfare v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980).

The first issue we will address is whether DPW's temporary regulation is enforceable given the fact that it was not promulgated in accordance with the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§1102-1602, and 45 Pa. C. S. §§501-509. Although there is no doubt that the tempo-

rary regulation was not published after the requisite notice and comment period, and was not deposited with the Legislative Reference Bureau, we believe the temporary regulation to be enforceable.

Petitioner argues that she and her daughter should continue to be eligible for AFDC benefits under the duly-promulgated regulation at 55 Pa. Code §171.21(b), which does not require the incorporation of brothers and sisters in the grant group as does the temporary regulation. The temporary regulation, however, was implemented in response to changes in federal law brought about by the Deficit Reduction Act of 1984 (DEFRA), which resulted in a revised Section 402(a) (38) of the Social Security Act, 42 U.S.C. §602(a)(38). Section 402(a)(38) now provides that a state AFDC plan must include any brother or sister living in the same home who has been deprived of parental support or care by, *inter alia,* physical incapacity of a parent. The existing DPW regulation, on which Petitioner's benefits had been previously based, is clearly not in accord with the DEFRA amendments, and as this Court has held, state AFDC regulations must conform to federal law. *Scott v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 403, 406 A.2d 594 (1979).

Petitioner relies on our decision in *Elkin v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 554, 419 A.2d 202 (1980), for the proposition that an intra-agency memorandum cannot be given the force or effect of a regulation. We agree with DPW, however, that *Elkin* is distinguishable. In *Elkin,* DPW's legal counsel interpreted a federal policy, in an intra-agency memorandum, setting forth DPW policy with regards to funding for day-care services. In the case at bar, DPW altered its existing regulation on AFDC filing groups to conform with specific federal law imposed in DEFRA and Health and Human Services regulations. The tempo-

rary regulation is, furthermore, not confined to the DPW Income Maintenance Bulletin, but is contained in the PAEM. Regardless, DPW does not claim that the temporary regulation has been properly promulgated or that, standing alone, the PAEM temporary pages have the force of a regulation. DPW merely has attempted, by way of the temporary regulation, to implement quickly the changes in federal law to ensure that its eligibility determinations do not conflict.

Having decided that Temporary Regulation 171.21 (b)(1)(i)(C)(II) is enforceable against Petitioner, we turn to the issue of whether DPW properly concluded that Vincent Chladni is deprived of parental support so as to be included in Petitioner's filing unit. Petitioner argues in this regard that even though Mr. Chladni does suffer from some physical incapacity, there is nothing in the record to indicate that Vincent Chladni is deprived of parental support or care. We do not agree.

Under the temporary regulation, quoted above, Vincent would have to be included in Petitioner's filing unit if he is "deprived of parental care or support" due to his father's physical incapacity. DPW regulations provide that to prove an incapacity, "[t]he impairment of the parent must be of such severity that it substantially reduces or eliminates the ability of the parent to support or care for the child." 55 Pa. Code §153.44(c)(2)(i). Further, in making a determination on the parent's ability to support, "the limited employment opportunities of handicapped individuals" are to be considered. 55 Pa. Code §153.44(c)(2)(ii).

The hearing officer in the case at bar concluded, and Petitioner now argues, that Mr. Chladni was able to support Vincent through his Social Security income which is double what the maximum AFDC allowance would be. We agree with DPW, however, that Mr. Chladni's Social Security income is irrelevant to the is-

sue before us. Mr. Chladni would not receive such benefits if he was not disabled, and we cannot accept his argument that the benefits should preclude the application of regulations mandated by federal law.

Applying DPW's regulations, we conclude that Mr. Chladni is incapacitated within the meaning of Temporary Regulation 171.21(b)(1)(i)(C)(II), due to his physical impairment and limited employment opportunities. Vincent is, therefore, deprived of parental support and, as such, must be included, along with his father, in Petitioner's filing unit.

We, accordingly, affirm DPW's reversal of its hearing officer's decision to sustain Petitioner's appeal.

### ORDER

The final order of the Department of Public Welfare in the above-captioned proceeding is affirmed.