546 A.2d 1277

Sheree L. Clark, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 23, 1988, before Judges CRAIG, McGIN-LEY, and Senior Judge NARICK, sitting as a panel of three.

*Maureen Dunn Harvey,* with her, *William P. Chapas, Wallace, Chapas* & *Associates,* for petitioner.

*Jeffrey P. Schmoyer,* Assistant Counsel, with him, *Jason W. Manne,* Assistant Counsel, and *John Kane,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 16, 1988:

Sheree L. Clark, claimant, appeals a decision of the Department of Public Welfare (DPW), Office of Hearings and Appeals, denying her application for AFDC and food stamp (FS) assistance. We are compelled to affirm the DPW decision.

The claimant has two minor children, Lyric and Leland. Since May, 1984, Leland has received a monthly award of $1,069 from a structured settlement of a medical malpractice suit. The issue is whether that award constitutes income which renders the household ineligible for the assistance in question.

On July 7, 1987, the claimant applied for AFDC assistance for herself and Lyric, and for food stamps for the entire family. DPW denied the claimant's application, stating that regulations required that Leland must be included as a member of the mandatory filing unit, and that his monthly income of $1,069 put the income of the household filing group above income eligibility guidelines. DPW instead authorized Transitionally Needy (TN) General Assistance (GA) of $186 per month for the claimant alone. The claimant filed a timely appeal of DPW's decision. Following a hearing on September 15, 1987, the hearing officer affirmed the denial of the claimant's AFDC and FS assistance application.

Our scope of review of a DPW decision is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with law, or whether constitutional rights were violated. *Nelson v. Department of Public Welfare*, 103 Pa. Commonwealth Ct. 21, 519 A.2d 1062 (1986). We also recognize that an administrative agency's interpretation of its own regulations is controlling unless the interpretation is plainly erroneous or inconsistent with either the regulation or the statute under which it is promulgated. *Department of Public Welfare v. Forbes Health System*, 492 Pa. 77, 422 A.2d 480 (1980).

On appeal, the claimant argues that DPW erred as a matter of law by treating the monies from Leland's personal injury settlement as "income" for the purpose of determining AFDC and food stamp eligibility for herself and Lyric. Alternatively, if Leland's cash allowance

does constitute "income," the claimant argues that it is legally-restricted income which, under 55 Pa. Code §183.44, is unavailable for the support of his mother and sister. DPW responds that changes in federal regulations mandate that Leland and his settlement income be considered when determining the family's eligibility for assistance.

The AFDC program is a cooperative federal and state effort established by Congress to enable the states to furnish financial assistance to certain needy children and the parents or relatives with whom they live. *Oliver v. Ledbetter,* 624 F. Supp. 325 (N.D. Ga. 1985), *aff'd* 821 F.2d 1507 (11th Cir. 1987). Participating states that provide financial assistance to eligible families receive partial reimbursement from the federal government. In Pennsylvania, DPW administers the program, establishing rules, regulations and standards for eligibility. These regulations are codified at 55 Pa. Code §§171 to 187. The Public Welfare Code, section 403(b),[1] provides in pertinent part that "the Secretary shall issue interim regulations whenever changes in federal laws and regulations supersede existing statutes." These interim regulations are distributed to county assistance offices through Income Maintenance Bulletins (IMB) and temporary pages containing amendments to the DPW Public Assistance Eligibility Manual (PAEM).

In order to qualify for AFDC benefits, applicants must meet certain standards of financial need, defined by their income and resources. Before 1984, federal regulations did not require that all co-resident family members be included in the family unit for AFDC assistance purposes. A family applying for assistance could exclude from the filing unit those family members

---

[1] Act of June 13, 1967, P.L. 31, No. 21, *as amended,* 62 P.S. §403(b).

with income that, if counted in the family's net income, would reduce the amount of the family's AFDC benefits.

These rules changed when Congress passed the Deficit Reduction Act of 1984, revising section 402(a)(38) of the Social Security Act, 42 U.S.C. §602(a)(38). Federal regulations now provide that a state AFDC plan must include any brother or sister living in the same house as the child applying for benefits. 42 U.S.C. §602(a)(38); 45 C.F.R. §206.10(a)(1)(vii)(B). Since October 1, 1984, the Secretary of Health and Human Services has required that all income of siblings and half-siblings residing in the same househould as AFDC recipients be included and considered available to the entire family when local agencies make AFDC eligibility determinations. *See Oliver,* 624 F. Supp. at 327.

DPW has incorporated this change in federal regulations into the state regulatory scheme through PAEM temporary regulation §171.21(b)(1)(i)(C). That regulation provides:

(1) *AFDC FILING UNIT.* REQUIREMENTS ARE AS FOLLOWS: (IMB 99-85-30).

(i) AN AFDC FILING UNIT MUST INCLUDE THE FOLLOWING PERSONS: (IMB 99-85-30; 45 CFR 206.10).

(A) The children eligible for AFDC. Those children under the care and control of the same specified relative or relatives will always be in *one* FILING UNIT. (IMB 99-85-30; 45 CFR 206.10).

. . . .

(C) ANY BROTHER OR SISTER OF THE CHILDREN ELIGIBLE FOR AFDC *MUST BE INCLUDED* IF THE BROTHER OR SISTER: (IMB 99-84-65; 45 CFR 206.10).

(I) IS UNDER AGE 18, OR UNDER AGE 19 IF A FULL TIME STUDENT IN A SECONDARY SCHOOL (OR THE EQUIVALENT LEVEL OF A VOCATIONAL OR TECHNICAL SCHOOL) AND HE/SHE IS REASONABLY EXPECTED TO COMPLETE THE SCHOOLING BEFORE AGE 19; (IMB 99-84-65; 45 CFR 206.10).

(II) IS DEPRIVED OF PARENTAL SUPPORT OR CARE BY REASON OF THE DEATH, ABSENCE, PHYSICAL OR MENTAL INCAPACITY OR UNEMPLOYMENT OF A PARENT IN ACCORDANCE WITH CHAPTER 153 OF THIS TITLE (RELATING TO DEPRIVATION OF SUPPORT OR CARE); (IMB 99-85-30; 45 CFR 206.10).

(III) IS NOT A RECIPIENT OF SSI OR SBP; (IMB 99-84-65; 45 CFR 206.10).

(IV) IS A FULL OR HALF-SIBLING BUT NOT A STEP-SIBLING OF THE CHILDREN ELIGIBLE FOR AFDC; AND (IMB 99-85-30; 45 CFR 206.10).

This court recently upheld the enforceability of the temporary regulations which DPW implemented in response to the DEFRA amendments, noting that the state AFDC regulations must conform to federal law. *Kiess v. Department of Public Welfare*, 113 Pa. Commonwealth Ct. 361, 537 A.2d 102 (1988).

Under temporary regulation section 171.21(b)(1)(i)(C), DPW properly included Leland in the assistance filing group, even though the claimant had applied for benefits only for herself and Lyric. The question which remains is whether the cash allowance from Leland's personal injury settlement must be included in the net income determining the eligibility of the filing group.

In support of her argument that Leland's malpractice settlement does not constitute "income" for the purpose of determining AFDC eligibility, the claimant relies on the decision in *Barnes v. Cohen,* 749 F.2d 1009 (3rd Cir. 1984), *cert. denied,* 471 U.S. 1061 (1985), which held that DPW erred by treating a personal injury award as lump-sum income.[2] The *Barnes* court concluded that personal injury awards fit into neither of the two categories of lump-sum income defined in 55 Pa. Code §183.64, windfalls and accumulated or retroactive benefits; the court held that personal injury awards were compensatory and intended "only to restore the plaintiff to the position he was in before the injury." *Barnes, Id.* at 1018. The claimant argues that the *Barnes* decision is not limited to situations involving the lump-sum rule, but stands for the broader proposition that personal injury awards are not income to be considered when determining AFDC eligibility.

The *Barnes* court began its analysis by noting that "if there were an applicable federal regulation or state provision [defining income], the states would of course be bound to follow it." *Id.* at 1017. The claimant's argument is undermined by the fact that federal regulations amending the lump-sum rule have negated the effect of the *Barnes* decision. The amended regulation, 45 C.F.R. §233.20(a)(3)(ii)(F), specifically identifies personal injury awards as a type of *lump-sum income subject*

---

[2] Under the lump-sum rule, AFDC recipients were ineligible to receive benefits in any month in which they received a lump sum of money greater than the recipient's standard of need. 55 Pa. Code §183.64. The Omnibus Budget Reconciliation Act of 1981, Pub. L. No. 97-35, amended this rule, so that AFDC recipients are ineligible to receive benefits for as many months as the lump-sum income would cover their approved monthly allotment. DPW does not argue that the personal injury settlement in this case falls under the lump-sum rule.

to the revised eligibility computation rules. Now that a federal regulation has included personal injury awards within the definition of lump-sum income, as foreseen by the *Barnes* court, the states are bound to follow that definition.

However, DPW's argument for including Leland's cash allowance as part of the family's net income does not rely on the newly-amended lump-sum rule. The DPW hearing officer specifically found that Leland's monthly $1,069 was not lump-sum income, but did constitute "recurring, non-earned income" available to the assistance group under PAEM §183.22.[3] We agree that Leland's monthly award falls under the definition of PAEM §183.22.

The claimant argues that, even if Leland's monthly settlement allowance must be labeled "income", it is income that is legally restricted for use toward Leland's support, and is not available to his mother and sister. The claimant cites 55 Pa. Code §183.44(b)(5), which provided:

---

[3] The definitions used in determining eligibility for AFDC are set out in PAEM §183.22, including:

*Income*—Cash or income-in-kind received by the client. . . .

. . . .

*Non-earned Income*—All other income received by client for which client *does not render a service;* such as: RSDI, VA Benefits, Unemployment Compensation, support payments including assigned support, income available from an LRR [legally responsible relative] and deemed available from a stepparent, income deemed available to an alien from his/her sponsor, dividends, interest, other pensions, compensation, benefits and the like.

. . . .

*Recurring income*—Income that is expected to continue. The amount and date the client receives this income may be regular or irregular but it is expected to continue. (Emphasis in original.)

(5) *Legally restricted nonearned income.*
Lump sum or nonearned income which is legally
restricted to the individual designated to receive
the benefit, for example, support payments, SSI,
military allotments, court-ordered trusts, shall
only be used to determine the needs of the ben-
eficiary and shall not be considered available to
the remainder of the assistance unit, as dis-
cussed in §183.24(e) (relating to income proce-
dures).

Similarly, 55 Pa. Code §183.24(e)(1) also stated that in-
come legally restricted to the use of a child shall be dis-
regarded when determining the eligibility of an assist-
ance unit.

Much of the difficulty in this case arises from DPW's
reliance on temporary regulations promulgated through
media such as the amendments to the PAEM. Although
DPW published extensive proposed amendments in-
tended to incorporate the DEFRA changes into its
AFDC regulations in 16 Pa. B. 4082 (1986), adopted
regulations have not been published in the Pennsylva-
nia Bulletin. As noted in our decision in *Kiess,* 113 Pa.
Commonwealth Ct. at 366, 537 A.2d at 104, DPW at-
tempted, by means of temporary PAEM regulations, to
implement changes in federal law quickly, to insure that
its eligibility determinations were not in conflict with
the federal amendments.

The result is that the claimant has relied on outdat-
ed regulations to support her argument. DPW has
revised sections 183.24(e)(1) and 183.44(b)(5) to comply
with the amended federal regulation at 45 C.F.R.
206.10:

Restricted Income (45 CFR 206.10)

Due to the new federal requirements regard-
ing mandatory grant group composition, any in-
come of an individual who is required to be in-

cluded in the AFDC assistance unit will be considered *available* to the assistance unit. This includes RSDI benefits, Veterans benefits, and court-ordered support all of which we have heretofore considered to be restricted to the use of the child or other individual on whose behalf the payment is made. The two *exceptions* are SSI benefits or RSDI benefits paid to a representative payee who does not reside with the client and who chooses not to make available all or part of the benefits for the child's support. Revisions were made to §183.24(e)(1) and §183.44(b)(5). IMB 99-84-62.

The amended PAEM section 183.44(b)(5) now provides that:

(5) *CHILD WITH INCOME PAID ON HIS/HER BEHALF.* INCOME PAID ON BEHALF OF A CHILD REQUIRED TO BE INCLUDED IN THE GRANT GROUP IS COUNTED IN DETERMINING NEED AND THE AMOUNT OF THE MONTHLY ASSISTANCE PAYMENT, EXCEPT: (IMB 99-84-62; 45 CFR 206.10).

(i) INCOME WHICH IS EXEMPT IN ACCORDANCE WITH THIS SECTION. (IMB 99-84-62; 45 CFR 206.10).

(ii) RSDI BENEFITS PAID TO A REPRESENTATIVE PAYEE WHO DOES NOT LIVE IN THE SAME HOUSEHOLD AS THE CHILD ARE COUNTED ONLY TO THE EXTENT THAT THE BENEFIT *ACTUALLY* IS MADE AVAILABLE TOWARD THE SUPPORT OF THE CHILD. (IMB 99-84-62; 45 CFR 206.10). (Emphasis in original.)

Section 183.24(e) has also been amended to state:

(e) *Child With Income Paid in His/Her Behalf [w].* Income SUCH AS allotments, bene-

fits, awards, court orders, trust fund payments, or the like, which are paid ON behalf of a child WILL BE COUNTED IN DETERMINING NEED AND THE AMOUNT OF THE MONTHLY ASSISTANCE PAYMENT AS FOLLOWS: (IMB 99-84-62; 45 CFR 206.10).

(1) FOR AFDC THE REQUIREMENTS OF SUBSECTION 183.44(b)(5) OF THIS SUBSECTION APPLY. (IMB 99-84-62; 45 CFR 206.10).

Under these amended regulations, only *two* forms of a minor child's income, SSI and certain RSDI benefits, may be disregarded when computing a family's net income. The effect of these amendments, in combination with the new mandatory filing unit rules in PAEM section 171.21(b)(1), is clear: Where formerly a family could choose not to include a family member with independent income such as child support, trust fund or social security income in the assistance group, in order for the family to receive maximum benefits, now all immediate family members *and* their incomes, except for SSI and certain RSDI benefits, must be included when determining a family's level of need. In the claimant's case, this means that Leland must be included in the assistance filing group, and his allowance from the personal injury settlement, which previously would have been disregarded in the determination of the family's need, must be considered by DPW in determining the family's eligibility for AFDC financial assistance.

Although the effects of the federal regulatory mandates, which emerged after Congress passed the Deficit Reduction Act of 1984, clearly leave us no choice in this matter, their unavoidable application to this case has a harsh effect. If the court were empowered to ignore the written regulations, we could more rationally conclude that a medical malpractice settlement, paid to compen-

sate in small measure for the ravages of an injury to a child, does not constitute income to be applied to the subsistence of the whole family. The result is that this family, at the poverty level, must appropriate for its day-to-day survival the sums which law sought to destine for the rehabilitation and compensation of the injured child alone.

The decision of DPW denying the claimant's application for AFDC and FS assistance is affirmed, reluctantly.

### ORDER

Now, August 16, 1988, the decision of the Department of Public Welfare, Case No. 100036615, dated October 9, 1987, is affirmed.