598 A.2d 317

**Mary MOSELEY, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Aug. 1, 1991.

Clarification Granted Oct. 8, 1991.

10

Catherine C. Carr, for petitioner.

Mary C. Walsh, Asst. Counsel, for respondent.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Mary Moseley (Recipient) appeals an order of the Secretary (Secretary) of the Department of Public Welfare (DPW) who, upon a request for reconsideration filed by the Philadelphia County Assistance Office (CAO), vacated a decision of the Director of the Office of Hearings and Appeals (Director) affirming a hearing officer's decision that payments received by Recipient were improperly treated as income. The Secretary held that the payment was income. We vacate and remand.

Recipient owns a house in Philadelphia County on which she paid local real estate taxes in 1988. In January 1989, Recipient entered a nursing home and on February 15, 1989, began receiving supplemental medical assistance-nursing home care payments (MA). In July 1989, pursuant to the Senior Citizens Rebate and Assistance Act (Rebate Act),[1]

1. Act of March 11, 1971, P.L. 104, *as amended*, 72 P.S. §§ 4751–1–4751–12.

the commonwealth sent Recipient a $500 rebate of the 1988 real estate taxes and an "inflation dividend" of $75.00.[2] Recipient notified the CAO of the rebate. The CAO treated the rebate as income available to Recipient to pay for her nursing home care costs and adjusted the amount of her MA benefits.

Recipient appealed, and following a hearing before a hearing officer, the rebate was deemed improperly treated as income. The Director reviewed the decision and affirmed.

The CAO requested and received reconsideration by the Secretary,[3] who, thereafter, issued the following order which we reproduce in its entirety, because the sufficiency of this order is in dispute.

AND NOW, this 27th day of June, 1990, having granted the CAO's application for reconsideration of the decision entered by the Office of Hearings and Appeals in this matter, it is hereby **ORDERED** and **DECREED** that the Order entered by the Office of Hearings and Appeals in this matter on April 10, 1990, is **VACATED** and the appeal of the appellant is denied.

A review of the regulations and hearing record reveals that the action by the County Assistance Office to consider as income a rebate received by the appellant was correct.

The appellant may take issue with this Final Order and may appeal therefrom to the Commonwealth Court of

2. These two amounts will be collectively referred to as the "rebate."

3. The request for reconsideration was filed pursuant to 55 Pa.Code § 275.4(h)(4)(ii), which provides in pertinent part:

Either party to a proceeding has 15 days from the date of the decision of the [Director] within which to request reconsideration of that decision by the [Secretary]. The request must be in writing and must set forth in detail the basis upon which the request is made.... the Secretary may affirm, amend, or reverse the decision of the Director, or remand the case to the hearing officer for further findings of fact. Action taken by the Secretary will be confined to matters of law and established departmental policy; no findings of fact made by the hearing examiner will be subject to reversal. The Secretary may, however, remand the case to the Director for further findings of fact.

Pennsylvania within thirty (30) days from the date of this Final Order.

█ On appeal to this court,[4] Recipient raises three issues: (1) whether the DPW regulation permitting the CAO to request reconsideration is preempted by federal regulations; (2) whether the Secretary's decision is invalid because it was not issued within 90 days of Recipient's request for a hearing; and (3) whether the Secretary's order is invalid because it fails to set forth the reasons for the decision.

As to the first issue, Recipient argues that 55 Pa.Code § 275.4(h)(4)(ii), which permits either party to a proceeding to request reconsideration by the Secretary, is preempted by federal regulations. Recipient states that the intent to preempt is demonstrated three ways: (1) the federal regulations expressly provide a recipient with the right to request reconsideration but do not provide a CAO with this right; (2) the federal regulation requiring "final administrative action" within 90 days after a request for a hearing conflicts with DPW regulations permitting a Secretary to reconsider Director decisions beyond the 90 day period; (3) the federal regulation, requiring a CAO to "promptly make corrective payments" following a State agency decision in a recipient's favor, conflicts with a DPW regulation, staying payment to a recipient where a CAO requests reconsideration of a decision.

Recipient's preemption argument is not premised on explicit preemptive language. Therefore, the following general law as to preemption by implication is instructive.

> When there is no explicit preemptive language, an intent to preempt can be inferred where (1) the federal scheme of regulation is so pervasive as to create a reasonable inference that Congress left no room for the states to supplement the law in that area or (2) the

**4.** Our scope of review of the Secretary's decision is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with law, or whether constitutional rights were violated. *Clark v. Department of Public Welfare,* 118 Pa.Commonwealth Ct. 587, 546 A.2d 1277 (1988).

federal law pertains to an area in which "the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state law on the same subject" or (3) the goal to be obtained by the federal law and "the character of obligations imposed by it may reveal the same purpose."

*Carolina Freight Carriers v. Pennsylvania Human Relations Commission,* 99 Pa.Commonwealth Ct. 428, 433, 513 A.2d 579, 582 (1986) (citing and quoting *Fidelity Federal Savings and Loan Association v. De La Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982)). *Even when federal law has not completely displaced state law, state law is nullified if it either conflicts with federal law, an event which occurs when compliance with both state and federal law is impossible, or is an obstacle to the accomplishment and execution of the goals of the federal law. Fidelity Federal.* Burns International Security Services, Incorporated v. Pennsylvania Human Relations Commission, 119 Pa.Commonwealth Ct. 418, 424, 547 A.2d 818, 821 (1988) (emphasis added). Initially, we note Recipient does not argue that state regulation in this area is completely displaced by federal regulation. Recipient contends that the state regulation permitting a CAO to request reconsideration must be nullified because it conflicts with federal regulations. Based on the principles outlined above, we hold that we cannot nullify the DPW regulations because of an alleged conflict unless compliance with both federal regulations and DPW regulations is impossible.

Full consideration of the conflict issue requires a comparison of the federal regulation hearing requirements and the hearing requirements under DPW regulations. The federal regulations in issue [5] require a state to provide either a

---

5. The federal regulations in issue are 42 C.F.R. §§ 431.200–431.246, comprising Subpart E of Chapter IV, which is entitled "Fair Hearings for Applicants and Recipients." The stated purpose of this subpart is to require states to provide an opportunity for a fair hearing for MA applicants whose claims for MA benefits are denied and for MA recipients whose benefits are suspended, terminated or reduced.

"hearing before the agency" or an "evidentiary hearing at the local level, with a right of appeal to a State agency hearing." 42 C.F.R. § 431.205(b). Because this commonwealth provides the latter two level process, we will confine our discussion to the requirements of this system.

Under federal regulations, the first level of review consists of a "local evidentiary hearing," at which a recipient and a local agency present evidence and argument. The local hearing officer must issue a decision summarizing facts and citing supporting regulations. Upon a decision adverse to a recipient, the recipient is entitled to a second level of review by the state agency.[6] The state agency review may consist of an examination of the local hearing record to decide if the local hearing officer's decision is supported by substantial evidence.

Under DPW regulations, an MA recipient, adversely affected by a CAO decision, can request and must receive a fair hearing before a local hearing officer.[7] At this hearing, the recipient has a right to present evidence and argument.[8] The hearing officer must determine the facts, applicable regulations and the action to be taken.[9] State level review is conducted by the Secretary's designee, the Director.[10] The Director is limited to considering questions of law and DPW policy.[11] The Director cannot reverse findings of fact but may remand to the hearing officer if additional findings of fact are required.[12]

■ We now examine each allegation of conflict in turn. First, Recipient asserts that the federal regulations give MA recipients a right to request reconsideration, and are

---

6. The federal regulations require that a recipient be able to request de novo review at the state agency level. This requirement is not the subject of the present appeal.

7. 55 Pa.Code § 275.1.

8. 55 Pa.Code § 275.4(f).

9. 55 Pa.Code § 275.4(h)(1)(iii).

10. 55 Pa.Code § 275.4(h)(4)(i).

11. *Id.*

12. *Id.*

silent as to a CAO's right to request reconsideration. Recipient argues that this silence in the federal regulations constitutes an implicit denial of such a right to a CAO.

Reconsideration, under the federal regulations, is the second review at the state agency level. The only federal regulation referring to a second review at the state agency level is 42 C.F.R. § 431.245, which requires the agency to "notify the ... recipient in writing of—(a) The decision; and (b) His right to request a State agency hearing or seek judicial review, to the extent that either is available to him." Contrary to Recipient's argument, section 431.245 does not require states to provide recipients with a right to request reconsideration of the state agency decision. This section only requires that a recipient receive notice of a right to reconsideration if such review is "available." Section 431.-245 contains no requirements as to reconsideration procedure. We find no basis to conclude that this section demonstrates an intent to preclude a CAO from requesting reconsideration.

■ Recipient's second allegation of conflict is that 42 C.F.R. § 431.244(f) requires the agency to take "final administrative action" [13] within 90 days after the request for a hearing. Recipient argues that reconsideration, as a practical matter, cannot be completed within the 90 day period. Recipient asserts that by imposing the 90 day time limit, the federal regulations intended to prohibit a CAO from requesting reconsideration.

This argument would prove more than Recipient intends. Assuming the Secretary cannot practically complete reconsideration requested by a CAO within the 90 day period, this alleged impossibility is equally present where a recipient requests reconsideration. If the 90 day rule is irreconcilable with a CAO's request for reconsideration, it is equally irreconcilable with a recipient's request for reconsideration.

---

13. We note that "final administrative action" is not defined in the federal regulations.

The requirement that final administrative action be completed within 90 days is contained within 42 C.F.R. § 431.-244. This section sets forth the requisite content of hearing officers' decisions and Director's decisions. This section also requires that these decisions be accessible to the public. The entire subject matter of this section is limited to the decisions of the hearing officer and Director. We conclude that the 90 day rule is intended to apply to only the decisions expressly controlled by the section. We hold that the 90 day rule applies only to decisions of hearing officers and the Director, and does not apply to decisions of the Secretary where reconsideration is applied for and granted. Because reconsideration need not be completed within 90 days under section 432.244, the 90 day rule does not conflict with DPW's reconsideration procedure.

█ Recipient's third allegation of conflict is based on 42 C.F.R. § 431.246, which provides:

*The agency must promptly make corrective payments,* retroactive to the date an incorrect action was taken, *if—*

(a) *The hearing decision is favorable to the applicant or recipient;* or

(b) The agency decides in the applicant's or recipient's favor before the hearing.

Recipient contends that this requirement of prompt corrective payment conflicts with DPW regulations permitting the CAO to request reconsideration.

Under the above federal regulation, if a Director's decision is favorable to a recipient, the CAO must promptly make corrective payments. However, under DPW regulation 55 Pa.Code § 275.4(h)(4)(ii), if a Director's decision is favorable to the recipient, the CAO may request reconsideration. Under 55 Pa.Code § 275.4(h)(4)(iii), this request stays implementation of the Director's decision. Thus, where the recipient receives a favorable decision, the federal regulations require the CAO to promptly make payment and the state regulations permit the CAO to stay payment by requesting reconsideration.

We conclude that the automatic stay which occurs when reconsideration is granted to a CAO pursuant to 55 Pa.Code § 275.4(h)(4)(iii) conflicts with the prompt-payment requirement of the federal regulations. Accordingly, the regulation at 55 Pa.Code § 275.4(h)(4)(iii) is nullified to the extent that it stays any decision which is rendered by the Director of the Office of Hearings and Appeals and is favorable to an applicant for or a recipient of Medical Assistance.

■ To comply with the federal prompt-payment rule, Recipient must immediately receive payment to which she is entitled under the Director's decision. While the Secretary concluded that Recipient was not entitled to any payment, for reasons stated hereinafter, we are foreclosed from reviewing the merits of that decision and must ultimately remand. Pending a decision on remand, to correct the procedural defect caused by the stay, we order the Secretary to immediately direct payment consistent with the Director's decision.[14]

We now turn to the second issue. Recipient contends that the Secretary's decision was invalid because it was not issued within 90 days of her request for a hearing. We reiterate our holding above that federal regulations only require a hearing officer and the Director to issue their decisions within the 90 day period. The federal 90 day rule does not apply to decisions on reconsideration. Similarly DPW regulation, 55 Pa.Code § 275.4(h)(4)(v), expressly exempts the Secretary's decision from the state 90 day rule.

■ As to the third issue, Recipient asserts that the Secretary's decision is invalid because it does not cite reasons, regulations and evidence to support the decision. DPW asserts that the Secretary's decision is valid because it refers to the hearing record, which contains the relevant regulations and evidence.

This issue, of failure to state the reasons for a decision, is controlled by *Heinsohn v. Department of Public Welfare,*

---

**14.** If it is ultimately decided that Recipient is not entitled to these payments, the CAO may follow available recoupment procedures.

66 Pa.Commonwealth Ct. 517, 445 A.2d 271 (1982), in which this court held that a Secretary's decision, reversing a prior order, "must include reasons for the decision and supporting evidence and regulations." *Id.,* 66 Pa.Commonwealth Ct. at 521, 445 A.2d at 273. In the present case, the Secretary's general allusion to the hearing record falls far short of this requirement. This general allusion prevents effective formulation of questions for appeal and meaningful review by this court on the merits. We must remand for the Secretary to state the reasons, regulations and evidence supporting his decision.

In summary, 55 Pa.Code § 275.4(h)(4)(iii) is nullified to the extent stated in this opinion and the Secretary is ordered to direct payment to Recipient consistent with the Director's decision. This case is remanded to the Secretary to issue a decision relating to Recipient's continued entitlement to such payment which contains a statement of the reasons and identifies supporting evidence and applicable regulations.

### ORDER

AND NOW, August 1, 1991, the decision of the Secretary of the Department of Public Welfare in the above-captioned matter is vacated. The Secretary is ordered to immediately direct payment to Mary Moseley consistent with the decision of the Director of the Office of Hearings and Appeals. The Secretary is further directed to issue a decision relating to recipient's continued entitlement to such payment which contains a statement of the reasons, and identifies supporting evidence and applicable regulations. Jurisdiction relinquished.

### ORDER

PER CURIAM.

AND NOW, this 8th day of October, 1991, the Petitioner's Application for Clarification in the above-captioned case is hereby granted.